The IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hassan Ford, Jr.,                              :
                Petitioner       :
                                            :
        v.                             :  No. 583 C.D. 2019
                                            :  Submitted: October 18, 2019
Pennsylvania Board of Probation and            :
Parole,                                        :
              Respondent       :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: February 18, 2020

        Hassan Ford, Jr., petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Parole Board) that recommitted him as a convicted parole violator and recalculated his maximum sentence date. In so doing, the Parole Board denied Ford credit for the time he spent at liberty on parole. Ford argues that the Parole Board erred by not deducting the time he spent incarcerated on his new criminal conviction from his maximum sentence date and not giving him credit for the time he spent at liberty on parole. Discerning no merit to Ford's arguments, we affirm.

        On January 27, 2015, Ford was convicted of manufacture, delivery or possession of a controlled substance with intent to manufacture or deliver, under Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §780-113(a)(30).[1] He was sentenced to incarcer8tion for a term of one year, seven months to five years, for a maximum sentence date of November 3, 2019.

---

[1] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(30). The statute prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance

On March 28, 2017, Ford was paroled. On December 20, 2017, he was arrested in Northampton County and charged with forgery, theft by deception and access device fraud.[2] When Ford did not post bail, he was held in the Northampton County Prison on the new charges.

On December 21, 2017, the Parole Board issued a Notice of Charges to Ford as a result of his arrest. Ford waived a hearing before the Parole Board and acknowledged that the Parole Board "may detain [him] pending disposition of [the new] criminal charges." Certified Record at 38-39 (C.R.__). On March 13, 2018, the Board lodged a warrant detaining Ford pending the disposition of the new criminal charges.

On June 8, 2018, Ford pled guilty to possession of a counterfeit access device to move funds in accounts or obtain goods in violation of Section 4106(a)(3) of the Crimes Code.[3] The remaining charges were withdrawn. Ford was sentenced to three to six months in the Northampton County Prison.

On June 20, 2018, Ford's county sentence expired. On June 28, 2018, Ford was returned to state custody. That same day the Parole Board notified Ford of a parole revocation hearing. Ford waived his right to counsel and the revocation hearing.

---

by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance." *Id*.

[2] An "access device" is defined in the Crimes Code as "[a]ny card, including, but not limited to, a credit card, debit card and automated teller machine card, plate, code, account number, personal identification number or other means of account access that can be used alone or in conjunction with another access device to obtain money, goods, services or anything else of value or that can be used to transfer funds." 18 Pa. C.S. §4106(d).

[3] Section 4106(a)(3) of the Crimes Code prohibits "possess[ion of] an access device knowing that it is counterfeit, altered, incomplete or belongs to another person who has not authorized its possession." 18 Pa. C.S. §4106(a)(3).

On July 30, 2018, the Parole Board recommitted Ford to serve 12 months of backtime as a convicted parole violator. The Parole Board did not give Ford any credit for the time spent at liberty on parole for the stated reasons that Ford had been on parole for less than one year and that his new conviction was for a theft-related crime. The Parole Board recalculated his maximum sentence date on the original sentence as January 25, 2021.

Ford, *pro se*, filed an administrative appeal, arguing that the Parole Board erred in the calculation of his maximum sentence date. He asserted that the six months he spent in Northampton County Prison should have been deducted from his maximum sentence date. Alternatively, he claimed the Parole Board should treat both sentences as being served concurrently. Finally, he argued that he was entitled to credit for the time he spent at liberty on parole because he was not an absconder.

The Parole Board denied his appeal. It explained that when Ford was arrested on new criminal charges, he did not post bail. Therefore, he was incarcerated only on the new charges until June 20, 2018. Only then could Ford begin to receive credit on his original sentence. The Parole Board exercised its discretion not to award credit for the time Ford spent at liberty on parole. Thus, his new maximum sentence date was calculated correctly as January 25, 2021.

Ford petitions for this Court's review.[4] On appeal he raises two issues. First, he argues that the Parole Board failed to give him sentence credit for all of the time served exclusively on its detainer warrant. Second, he argues that the Parole

---

[4] Our review determines whether constitutional rights were violated, whether the decision was in accordance with the law, or whether the necessary findings of fact were supported by substantial evidence. *Kerak v. Pennsylvania Board of Probation and Parole*, 153 A.3d 1134, 1137 n.9 (Pa. Cmwlth. 2016).

Board abused its discretion in not giving him credit for all the time he spent at liberty on parole.

It is well established that "time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term … only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him." *Barnes v. Pennsylvania Board of Probation and Parole*, 203 A.3d 382, 392 (Pa. Cmwlth. 2019) (quoting *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980)). If the parolee "is being held in custody *solely* because of a detainer lodged by the [Parole] Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." *Barnes*, 203 A.3d at 392 (quoting *Gaito*, 412 A.2d 571) (emphasis in original). Conversely, if a parolee "remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Barnes*, 203 A.3d at 392 (quoting *Gaito*, 412 A.2d 571).

Ford argues he did not receive appropriate credit for the time served in county prison. His argument follows:

> [Ford] was on parole under the supervision of the [Board] since March 28, 2017…. He was arrested for new charges on December 20, 2017…. The period of time from release to arrest was a period of 287 days. His incarceration on the new conviction was six months. Adding six months to his original maximum date results in a new maximum date of February 2, 2020.

> The [Board] believes it can give any reason to deny backtime credit; not necessarily a good one.

4

Ford Brief at 9 (internal citations to the record omitted). The Parole Board responds that Ford is not entitled to credit for the time he spent incarcerated on his new criminal charges.

It is undisputed that Ford did not post bail and was held in Northampton County Prison on the new criminal charges from December 20, 2017, until June 20, 2018. At that point, Ford was held pursuant to the Parole Board's detainer. When Ford was transferred to the Parole Board's custody on June 28, 2018, he received eight days credit on his original sentence. *See* Board Adjudication at 1 (Ford's "county term maxed on June 20, 2018" and he was "not returned to [the Parole Board's] custody until June 28, 2018[,]" therefore, "the [Parole Board] awarded backtime credit from June 20, 2018 to June 28, 2018 (8 days)."). Ford has not shown any error in the Parole Board's calculation of his credit.

In his second issue, Ford argues that the Parole Board abused its discretion in refusing to give him credit for the time he spent at liberty on parole, commonly referred to as "street time." He further argues that the Parole Board denied him credit without explanation. Ford Brief at 11.

The Parole Board responds that it gave Ford two reasons for denying credit. The first was that Ford had been on parole less than one year when he committed a new criminal offense and the second was that Ford's new crime related to theft. The Parole Board asserts that in *Barnes*, 203 A.3d 382, this Court held that a parolee's commission of a new crime within a year of being paroled constitutes a valid reason for denying credit for street time.

Section 6318(a)(2.1) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(2.1), gives the Parole Board discretion to award credit to convicted parole

5

violators for time spent at liberty on parole.[5] Where, as here, the Parole Board exercises its discretion under Section 6138(a)(2.1) not to give credit, it must "provide a contemporaneous statement explaining its reason" for the denial. *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 475 (Pa. 2017). "[T]he reason the [Parole] Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id*. at 475, n.12.

In *Barnes*, 203 A.3d at 384, the parolee was arrested nine months after his parole on new criminal charges. The parolee pled guilty to possession with intent to deliver a controlled substance and sentenced to one to two years in a state correctional institution. Following a parole revocation hearing, the Parole Board recommitted the parolee as a convicted parole violator to serve 30 months of backtime. The Parole Board gave the parolee no credit for the time he spent at liberty on parole because (1) his new crime was similar to his original offense and (2) his new crime was committed within eight months of being released on parole.

---

[5] Nevertheless, the Parole Board's discretion is limited as follows:

> (2)    If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

> (2.1)    The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

>> (i)    The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

>> (ii)    The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a)(2) and (2.1). None of the exceptions apply to Ford's conviction for possession of a counterfeit or altered access device.

6

On appeal to this Court, the parolee argued, *inter alia*, that the Parole Board did not sufficiently explain why it exercised its discretion to deny him credit for his time at liberty on parole. We disagreed and held that the Parole Board explained its decision and, further, did not abuse its discretion.

Here, the Parole Board does not explain the significance of Ford's new theft offense. It does not claim it was similar to his original conviction.[6] Instead, the Parole Board argues that not granting Ford credit because he committed a crime less than nine months after being paroled constitutes a sufficient reason in itself for denying credit for his street time. In support, it relies on *Barnes*, 203 A.3d 382.

The legislature has given the Parole Board the discretion to grant a convicted parole violator credit for some or all of the time he spent at liberty on parole before committing a new criminal offense. There are instances where the Parole Board cannot give credit, such as where the new conviction is for a violent crime. 61 Pa. C.S. §6138(a)(2.1). The Parole Board cannot divest itself of discretion by devising an inflexible list of reasons that will always result in a denial of credit for street time. Rather, the Parole Board must exercise discretion, which requires a consideration of the circumstances of each convicted parole violator. At the same time, there will be similarities from case to case, and the development of precedent is appropriate. *Barnes* established, for example, that a short period of parole before becoming a recidivist is an appropriate reason to deny credit for time spent on parole prior to committing a new criminal offense.

We conclude that the Parole Board has satisfied *Pittman* by explaining its decision and that it did not abuse its discretion by refusing Ford credit because he

---

[6] The record does reflect that in 2005 Ford was convicted of robbery in New York and that his parole supervision for that sentence was transferred to Pennsylvania in 2017. C.R. 13-17.

7

committed a new crime within a few months of his release from prison on parole. Ford waived his revocation hearing at which he could have offered evidence that might have persuaded the Parole Board to award credit for some of his time on parole before his arrest. In the absence of any mitigating evidence, the Parole Board's decision to deny credit for the stated reason that Ford committed a new crime less than nine months after being paroled did not constitute an abuse of discretion.

For the above reasons, the order of the Parole Board is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hassan Ford, Jr.,      :
     Petitioner    :
             :
    v.       :  No. 583 C.D. 2019
             :
Pennsylvania Board of Probation and :
Parole,         :
     Respondent   :

# **O R D E R**

AND NOW, this 18th day of February, 2020, the order of the Pennsylvania Board of Probation and Parole, dated April 15, 2019, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge