**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| KEVIN PITTMAN, | : | No. 56 MAP 2016 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court dated January 8, |
| | : | 2016 at No. 978 CD 2014 Affirming the |
| v. | : | Pennsylvania Board of Probation and |
| | : | Parole Order dated May 29, 2014 at No. |
| | : | 1435-S. |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, | : | |
| | : | |
| Appellee | : | SUBMITTED: November 22, 2016 |

**OPINION**

**JUSTICE BAER**                                   **DECIDED: April 26, 2017**

In this appeal, we consider whether the Pennsylvania Board of Probation and Parole (the "Board") abuses its discretion where it fails to consider whether to grant a convicted parole violator ("CPV") credit for time spent at liberty on parole. We also consider whether the Board must provide a contemporaneous statement explaining the rationale behind its decision to grant or deny credit to a CPV. For the reasons that follow, we hold that the Board abuses its discretion in failing to consider whether to grant CPVs credit for time spent at liberty on parole under the plain language of Subsection 6138(a)(2.1) of the Parole Code, 61 Pa.C.S. § 6138(a)(2.1).[1] Additionally,

---

[1] Subsection 6138(a) provides as follows:

**§ 6138. Violation of terms of parole**

**(a) Convicted Violators.--**
(…continued)

in order to effectuate the intent of the General Assembly in enacting Subsection 6138(a)(2.1), we further hold that the Board must provide a contemporaneous statement explaining its rationale for denying a CPV credit for time spent at liberty on parole. In this case, we conclude that because the Board's decision to deny Kevin Pittman ("Appellant") such credit was based upon its erroneous belief that Appellant was automatically precluded from receiving credit under Subsection 6138(a)(2.1), the

---

(continued…)

> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.
>
> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.
>
> (2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
> >
> > (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa.C.S. § 6138 (footnote omitted).

Board abused its discretion. Accordingly, we vacate the Commonwealth Court's order, vacate the decision of the Board, and remand to the Board for further proceedings consistent with this opinion.

The material facts underlying this matter are undisputed. In 2010, following his guilty plea to possession with intent to deliver ("PWID"),[2] Appellant was sentenced to two to four years of imprisonment, with a maximum sentence date of December 9, 2013. On December 12, 2011, the Board released Appellant on parole. Prior to his release, Appellant signed a form detailing the conditions governing his parole, which included the following:

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when parole/reparoled, with no credit for time at liberty on parole.

Certified Record of the Board ("C.R.B."), Tab 3, at 11.

In 2013, while still on parole, Appellant was arrested and charged with various criminal offenses. He ultimately pled guilty to PWID and was sentenced to one to three years of imprisonment. Appellant subsequently waived his right to a parole revocation hearing and admitted that he violated his parole by committing a crime. C.R.B., Tab 7, at 42. The Board accepted Appellant's admission and recommitted him in accord with his original 2011 sentence. The Board's hearing report form, which details the circumstances surrounding an inmate's parole revocation, includes the following line: "BOARD ONLY - Credit time spent at liberty on parole: [ ] No [ ] Yes (excluded offenses on pg. 8)." C.R.B., Tab 7, at 36. The Board checked "No" on Appellant's report form, thus denying him credit for time spent at liberty on parole. Consequently, the Board directed that Appellant serve the entire balance remaining on his original sentence and

---

[2] 35 P.S. § 780-113(a)(30).

recalculated his maximum sentence date as October 21, 2015. Importantly, the Board offered no explanation for its decision not to award Appellant credit.

Appellant subsequently filed a *pro se* letter with the Board, in which he sought credit for time he spent on parole. The Board, which deemed Appellant's letter to be a petition for administrative review from its recalculation of his maximum sentence date pursuant to 37 Pa. Code § 73.1(b),[3] declined to award him credit, stating in its responsive letter to Appellant that "as a convicted parole violator you automatically forfeited credit for all of the time that you spent on parole." C.R.B., Tab 10, at 50 (citing 61 Pa.C.S. § 6138(a)). This conclusion, however, conflicts with Subsection 6138(a)(2.1), which states "[t]he [B]oard may, in its discretion, award credit to a [CPV]." 61 Pa.C.S. § 6138(a)(2.1)(*supra*, pg. 1-2 n.1).[4]

---

[3] Subsection 73.1(b) provides, in relevant part, as follows:

*(b) Petitions for administrative review:*

(1) A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. When a timely petition has been filed, the determination will not be deemed final for purposes of appeal to a court until the Board has mailed its response to the petition for administrative review. This subsection supersedes 1 Pa.Code § 35.226.

37 Pa. Code. § 73.1(b)(1) (emphasis in original).

[4] Importantly, prior to 2012, consistent with the Board's statement, a CPV was not eligible for credit for time spent at liberty on parole. As will be discussed in detail *infra*, the General Assembly amended the Parole Code in 2012 to make credit for CPVs discretionary with the Board.

Appellant filed a petition for review with the Commonwealth Court, arguing, *inter alia*, that the Board abused its discretion in failing to award him credit for time spent at liberty on parole. Specifically, Appellant took the position that the Board abused its discretion where, as here, it failed to exercise any discretion whatsoever because it denied him credit based upon the mistaken belief that he automatically forfeited his right to receive credit as a CPV. Citing *Gillespie v. Pennsylvania Department of Transportation, Bureau of Driver Licensing*, 886 A.2d 317 (Pa. Cmwlth. 2005), Appellant argued that completely failing to exercise discretion, in and of itself, constitutes an abuse of discretion. Moreover, Appellant claimed that, when the Board initially denied him credit by checking the "No" box on its hearing report form, it erred in failing to issue a written statement explaining its reasoning for denying him credit.[5]

Before the Commonwealth Court, the Board argued that by checking "No" on Appellant's hearing report form, it did, in fact, exercise its discretion to deny him credit for time spent at liberty on parole pursuant to Subsection 6138(a)(2.1). Additionally, the Board maintained that nothing in the plain language of Subsection 6138(a)(2.1) requires it to provide reasons as to why it decided not to award credit to a CPV.[6]

The Commonwealth Court, sitting *en banc*, affirmed the Board's decision to deny Appellant credit. *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604

---

[5] As was noted by the Commonwealth Court, Appellant did not make any argument that the particular facts and circumstances leading to his recommitment warrant awarding him credit. Rather, Appellant focused on the Board's proffered reason during the administrative review phase that he "automatically forfeited" credit as a CPV and argued that remand was necessary so that the Board could exercise its discretion in accordance with Subsection 6138(a). Additionally, he maintained that, on remand, the Board should explain the basis for its decision.

[6] In its brief to the Commonwealth Court, the Board failed to address its statement during the administrative review phase that as a CPV, Appellant "automatically forfeited" credit for time spent at liberty on parole.

(Pa. Cmwlth. 2016). In the majority opinion, the Commonwealth Court determined that Subsection 6138(a)(2.1) gives the Board broad discretion when considering whether to grant a CPV credit for time spent at liberty on parole and that the Board properly exercised that discretion by checking "No" on Appellant's hearing report.[7] Additionally, the Commonwealth Court held that nothing in Subsection 6138(a)(2.1) requires the Board to issue a statement of reasons explaining its decision.

Regarding Appellant's contention that the Board abused its discretion when it denied him credit for time served while on parole, the Commonwealth Court noted that

---

[7] Initially, the Commonwealth Court *sua sponte* addressed whether it had jurisdiction to review the Board's decision to deny Appellant credit. The court noted that parole is a matter of legislative grace and that decisions by the Board regarding parole are generally not subject to appellate review. *See Rogers v. Pennsylvania Board of Probation and Parole*, 724 A.2d 319, 322 (Pa. 1999) ("[T]he courts of the Commonwealth do not have statutory jurisdiction to conduct appellate review of a decision of the Board, since such a decision does not constitute an adjudication."). However, the Commonwealth Court determined that, when a prisoner challenges the Board's computation or calculation of his maximum sentence date pursuant to Subsection 6138(a)(2.1), the prisoner's appellate rights include an administrative appeal to the Board and a statutory appeal therefrom to the Commonwealth Court pursuant to Section 763 of the Judicial Code, 42 Pa.C.S. § 763 (relating to direct appeals from governmental agencies). Accordingly, the Commonwealth Court concluded that it had appellate jurisdiction over the Board's decision following Appellant's administrative appeal. Neither party challenges the intermediate court's exercise of jurisdiction over this matter and this Court's grant of allowance of appeal was limited to consideration of the Commonwealth Court's statutory interpretation of Subsection 6138(a). Nonetheless, we note that we agree with the Commonwealth Court that a prisoner may file an administrative appeal from the Board's decision regarding the computation or calculation of a maximum sentence date and may subsequently file a statutory appeal to the Commonwealth Court. Unlike cases involving the grant, denial, or conditions of parole where review is unavailable, *see Rogers*, 724 A.2d at 322 (holding that the Commonwealth Court lacked statutory jurisdiction to review the Board's order to deny a prisoner parole) and *Wheeler v. Board of Probation and Parole*, 862 A.2d 127, 130 (Pa. Cmwlth. 2004) (holding that the Board's imposition of a condition of parole was not an adjudication from which an appeal could be taken), the Board's decision to deny Appellant credit pursuant to Subsection 6138(a)(2.1) extended Appellant's maximum sentence date. Such a decision is properly subject to appellate review. *See McMahon v. Board of Probation and Parole*, 470 A.2d 1337, 1337-38 (Pa. 1983) (allowing for appellate review when a prisoner challenges the Board's calculation of his maximum sentence date based upon subsequent criminal convictions).

the Board's discretion under Subsection 6138(a) is twofold. First, the Board must decide whether to recommit a parole violator. Next, if recommitment is so ordered, then the parolee shall be recommitted to serve the remainder of his original term, but the Board may, in its discretion, award the parolee credit for time spent at liberty on parole. The Commonwealth Court further observed that, under unrelated sections of the Parole Code, namely Section 6137 (relating to the Board's power to parole and reparole), the General Assembly set forth criteria to guide the Board in exercising its discretion. *See*, *e.g.*, 61 Pa.C.S. § 6137(h)(1) (setting forth, *inter alia*, that the Board must consider the benefit to the inmate and the interests of the Commonwealth when deciding whether to recommit a paroled inmate).

In contrast to those provisions, however, Subsection 6138(a)(2.1) simply states that the Board "may, in its discretion, award credit" without setting forth any criteria to guide the Board in exercising its discretion. Thus, the Commonwealth Court concluded that, under the plain language of Subsection 6138(a)(2.1), there are no statutory standards by which an appellate court can evaluate the Board's decision to grant or deny credit for time spent at liberty on parole. *Pittman*, 131 A.3d at 611 (citing *Commonwealth v. Rieck Investment Corp.*, 213 A.2d 277, 282 (Pa. 1965) ("[I]t is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include.")).

The Commonwealth Court further determined that Appellant's reliance on its decision in *Gillespie* is misplaced. In *Gillespie*, after the Department of Transportation requested a continuance in a license suspension appeal, the trial court denied the continuance based on its established policy of continuing cases only when both parties agree to do so. 886 A.2d at 318-19. On appeal, the Commonwealth Court held that the trial court abused its discretion because its "[b]lind adherence to an established policy" did not constitute an exercise of discretion at all. *Id.* at 319-20. Conversely, in

this case, the Commonwealth Court concluded that the Board did not shirk its responsibility in deciding whether to grant Appellant credit by adopting a blanket policy for CPVs. Rather, according to the Commonwealth Court, the Board affirmatively chose to deny Appellant credit after considering the record before it. Accordingly, the court held that, by checking "No" on Appellant's hearing report form, the Board properly exercised its broad discretion under Subsection 6138(a)(2.1).[8]

Turning to Appellant's argument that the Board was required to provide a statement of reasons for denying him credit, the Commonwealth Court held that Subsection 6138(a)(2.1) contains no such requirement. Again contrasting Subsection 6138(a)(2.1) with portions of Section 6137 (relating to the Board's power to parole and reparole), which expressly require that the Board provide a contemporaneous written statement explaining its rationale for its parole decisions, the Commonwealth Court determined that the General Assembly did not intend to require the Board to issue a statement of reasons as it relates to the Board's decision to grant or deny credit for time spent at liberty on parole. *Pittman*, 131 A.3d at 613-14 (citing, *inter alia*, *Fonner v. Shandon, Inc.*, 724 A.2d 903, 907 (Pa. 1999) ("[W]here the legislature includes specific language in one section of the statute and excludes it from another, the language should not be implied where excluded.") (citation omitted)). Accordingly, the Commonwealth Court found no error in the Board's decision and affirmed the denial of credit.

Then-President Judge Pellegrini authored a dissenting opinion, which was joined by Judge Leavitt. In the dissent's view, Subsection 6138(a)(2.1) requires the Board to give a reason as to how it exercised its discretion to grant or deny a parolee credit against his original sentence for time spent at liberty on parole. The dissent compared

---

[8] Again, the majority did not focus on the Board's statement during the administrative review phase that Appellant "automatically forfeited" credit as a CPV.

the failure of the Board to provide such an explanation to a sentencing court's obligation to consider the factors set forth in Subsection 9721(b) of the Sentencing Code. *See* 42 Pa.C.S. § 9721(b) (setting forth general principles that sentencing courts must consider when choosing among the available sentencing options); *see also Commonwealth v. Artis*, 439 A.2d 1199, 1203 (Pa. Super. 1982) ("At the threshold, this court must be able to determine that a sentencing judge in fact exercised discretion[.]") (citations omitted).[9] The dissent would have imposed a similar requirement here, opining that a one sentence explanation for the Board's denial of credit would be sufficient. In the dissent's view, a statement from the Board indicating its reasoning for denying a CPV credit would, *inter alia*, inform the parolee that the issue was considered by the Board and that the Board has complied with the legislative mandate to exercise its discretion. Moreover, the dissent noted that, in denying Appellant administrative relief, the Board indicated its erroneous belief that Appellant automatically forfeited credit as a CPV.[10] Thus, the dissent would have found that the Board committed both an error of law and an abuse of its discretion under the Parole Code when it denied Appellant credit for time

---

[9] The majority, however, observed that Subsection 9721(b), unlike the instant statute, expressly requires that the sentencing judge "make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b).

[10] As noted *supra*, Section 6138 delineates between CPVs, who commit crimes while on parole, and technical parole violators, who violate the terms and conditions of parole. Prior to July 5, 2012, Section 6138 provided that technical parole violators received credit for time served on parole, while CPVs were statutorily barred from receiving such credit. However, the General Assembly amended Subsection 6138(a), effective July 5, 2012, to allow CPVs to receive credit at the discretion of the Board. The dissent below suggested that the Board's statement during its administrative review that Appellant automatically forfeited credit was simply failure on its part to realize that the General Assembly changed the law and that the Board, seemingly, mistakenly applied the pre-2012 version of the statute. In response, the majority observed that the dissent's conclusion in this regard calls for speculation unsupported by the record.

spent at liberty on parole. Accordingly, the dissent would have vacated the Board's decision and remanded to the Board for reconsideration of Appellant's request for credit with an accompanying explanation for its decision.

This Court granted Appellant's petition for allowance of appeal to consider the following question: "Did the Parole Board abuse its discretion by summarily denying [Appellant] credit against his maximum sentence for time that he spent at liberty on parole following his recommitment as a convicted parole violator?" *Pittman v. Pennsylvania Board of Probation and Parole*, 137 A.3d 572 (Pa. 2016).

It is unnecessary to explain in detail the parties' arguments to this Court, as both parties largely present the same substantive arguments that they presented to the Commonwealth Court. Stated succinctly, Appellant contends that the Board erred by denying him credit based upon its mistaken belief that he automatically forfeited credit for time spent at liberty on parole as a CPV. Thus, Appellant argues that the Board abused its discretion by failing to exercise any discretion whatsoever. Moreover, Appellant argues that the Board was required to provide a statement of reasons explaining its decision to deny him credit.

Adopting the posture of the Commonwealth Court majority, the Board contends that the plain language of Subsection 6138(a)(2.1) demonstrates that: the Board has broad discretion in deciding whether to grant a CPV credit; there are no standards by which an appellate court can evaluate the Board's exercise of discretion; and the Board is not required to provide a contemporaneous statement of reasons explaining its decision.

In order to answer the question presented in this appeal, we must interpret Subsection 6138(a)(2.1) of the Parole Code. This Court's interpretation of all statutes is guided by the Statutory Construction Act, 1 Pa.C.S. §§ 1501-1991. Pursuant to the Statutory Construction Act, the object of all statutory construction is to ascertain and

effectuate the General Assembly's intention.  1 Pa.C.S. § 1921(a).  When the words of a statute are clear and free from ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit.  1 Pa.C.S. § 1921(b).  Further, we observe that issues of statutory interpretation present this Court with questions of law; accordingly, the Court's standard of review is *de novo*, and its scope of review is plenary.  *See Pennsylvania Pub. Util. Comm'n v. Andrew Seder/The Times Leader*, 139 A.3d 165, 172 (Pa. 2016).

With these standards in mind, we reiterate the crucial statutory language at issue here, which provides as follows:

**§ 6138. Violation of terms of parole**

**(a) Convicted Violators.--**

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa.C.S. § 6138 (footnote omitted).

As an initial matter, we hold that Subsection 6138(a)(2.1) clearly and unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence, except when the CPV is recommitted for the reasons stated in Subsections 6138(a)(2.1)(i) and (ii). In this case, Appellant was not recommitted for reasons enumerated in Subsections 6138(a)(2.1)(i) and (ii). Thus, contrary to the Board's proffered rationale during the administrative review phase that CPVs automatically forfeit credit, the Board unquestionably had the discretion to grant Appellant credit if it so desired. Accordingly, based upon the record before us, the Board abused its discretion under Subsection 6138(a)(2.1) by concluding that it had no discretion and, consistent therewith, denied Appellant credit without conducting any individual assessment of the facts and circumstances surrounding his parole revocation. *See Zappala v. Brandolini Property Management, Inc.*, 909 A.2d 1272, 1284 (Pa. 2006) ("An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record.") (citation omitted).

However, our analysis does not end here. Having concluded that the Board erred in finding that Appellant forfeited his right to credit as a CPV, we turn to whether Subsection 6138(a)(2.1) requires the Board to articulate a basis for its decision, an issue for which there was sharp disagreement in the Commonwealth Court. Initially, we recognize that the Board has the broadest of discretion over many decisions regarding parolees and that the Board's description of the statute is accurate in so far as there is no explicit requirement that the Board must provide a contemporaneous statement explaining its decision in Subsection 6138(a)(2.1). However, Article V, Section 9 of the Pennsylvania Constitution grants all persons the right to appeal from an administrative

agency to a court of record. Pa. Const. Art. 5, § 9 (". . . there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law[.]"). This is consistent with inherent notions of due process. To the extent Appellant has a right to appeal, an appellate court hearing the matter must have method to assess the Board's exercise of discretion. Accordingly, we hold that the Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole.

The Commonwealth Court below determined that, while it had statutory jurisdiction to review the Board's decision, simply checking "No" on a standard hearing form constitutes a proper exercise of the Board's discretion because Subsection 6138(a)(2.1) does not set forth specific statutory guidelines or include an express requirement of a contemporaneous statement. Its holding, however, renders appellate review a mere empty formality as, under this view of Subsection 6138(a)(2.1), any decision by the Board must be affirmed, even if the Board acts arbitrarily or, as here, misinterprets and misapplies the law.[11] As said, this comports neither with the Pennsylvania Constitution's grant of review by a court of record, nor with basic notions of due process. Accordingly, contrary to the Board's position, and the majority below, we conclude that the General Assembly did not intend to allow the Board's decisions pursuant to Subsection 6138(a)(2.1) to evade all appellate review and to insulate the Board's decisions from reversal when it enacted Subsection 6138(a)(2.1).

Indeed, this case is a prime example of why a contemporaneous statement is necessary. As noted, had the Board not stated during the administrative review phase that it denied Appellant credit because he "automatically forfeited" credit as a CPV, we

---

[11] Here, such misapplication was only revealed once Appellant filed for administrative review and the Board, at that juncture, stated the basis for its denial.

would not know that its reason for denying him credit was improper. Therefore, in order to effectuate the dictates of the Pennsylvania Constitution, to honor the basic notions of due process, and to comport with the intent of the General Assembly in enacting Subsection 6138(a)(2.1), we hold that the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole.[12]

For the reasons set forth above, we find that the Board abused its discretion when it denied Appellant credit for time spent at liberty on parole based upon its incorrect belief that all CPVs automatically forfeit credit under Subsection 6138(a)(2.1). Accordingly, we vacate the Commonwealth Court's order, vacate the decision of the Board, and remand to the Board for further proceedings consistent with this opinion.

Justices Todd, Donohue and Dougherty join the opinion.

Chief Justice Saylor files a concurring opinion in which Justice Todd joins.

Justice Mundy files a concurring and dissenting opinion in which Justice Wecht joins.

---

[12] Our ruling in this regard should not be read as limiting the Board's broad discretion over decisions affecting parolees, including whether to grant credit to CPVs. Moreover, as was noted by the dissent below, the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances.