[J-100-2019] [MO: Donohue, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| OTTO YOUNG, | : | No. 1 MAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court dated June |
| | : | 12, 2018 at No. 361 CD 2016 |
| v. | : | Reversing the Order of the |
| | : | Pennsylvania Board of Probation |
| | : | and Parole dated February 24, 2016 |
| PENNSYLVANIA BOARD OF PROBATION | : | and Remanding. |
| AND PAROLE, | : | |
| | : | ARGUED: November 20, 2019 |
| Appellant | : | |

**CONCURRING OPINION**

**JUSTICE WECHT**                                    **DECIDED: February 19, 2020**

I join the Majority opinion in full. I write separately to note my respectful disagreement with the suggestion in Chief Justice Saylor's concurrence that credit awards in some future case could be made subject to conditions the violation of which might result in their subsequent rescission.

It is well-settled that an administrative agency may not exercise powers beyond those "conferred upon it by the Legislature in clear and unmistakable language." *Hudson v. Pa. Bd. of Prob. & Parole*, 204 A.3d 392, 399 (Pa. 2019) (quoting *Aetna Cas. & Sur. Co. v. Commonwealth, Ins. Dep't*, 638 A.2d 194, 200 (Pa. 1994)). When faced with the recommitment of a convicted parole violator, the Parole Code permits the Board, "in its discretion, [to] award" full, partial, or no "credit . . . for the time spent at liberty on parole." 61 Pa.C.S. § 6138(a)(2.1). Conspicuously absent from the statute's text, however, is language authorizing the Board to rescind credit once it has been "given" or "award[ed]."

*See id.* § 6138(a)(2), (2.1). If the General Assembly had intended to allow the Board to claw back previously-awarded credit, surely it could and would have employed terms like "revoke," "rescind," or "forfeit," as it did elsewhere in the Parole Code.[1] It did not. Nor did our legislature include language signifying that credit could be awarded conditionally, to be retaken at the Board's will or whim upon the occurrence of some future transgression. This, too, lends credence to the view that credit, once awarded, vests in the recommitted parolee for all time.

In cautioning against reading the Commonwealth Court's opinion here as "preclud[ing] the Board from . . . imposing reasonable, express conditions" on credit awards, Con. Op. at 2 (Saylor, C.J.), the Chief Justice invokes this Court's decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017), for the truism that "the Board has the broadest of discretion over many decisions regarding parolees." *Id.* at 474. But just as we recognized in *Pittman* that the Board abuses that discretion when it fails to perform an act expressly commanded by the Parole Code, so, too, does the Board contravene the statute when it assumes a power—pertinently, that of rescission—not afforded to it by the enactment's plain language. The Parole Code does not, *sub silentio*, permit the Board to achieve by proviso a result, *i.e.*, the loss of previously-awarded credit, for which the General Assembly declined to provide "in clear and unmistakable language." *Hudson*, 204 A.3d at 399. The power to give a thing does

---

[1]    *See, e.g.*, 61 Pa.C.S. § 5902(e.1)(1)(iii) (stating that, with respect to an employee of a state correctional institution, the chief administrator may "revoke the ability of the employee . . . to carry or store a firearm and ammunition"); *id* § 6113(a)(2) ("[N]o person shall be paroled or discharged from parole or have his parole revoked, except by a majority of the entire membership of the board."); *id.* § 6122(b)(2) ("Any person who violates any of the provisions of this section . . . [s]hall forfeit that person's office or employment, as the case may be."); *id.* § 6143(c) ("If the United States Immigration and Customs Enforcement is unable to or does not deport the inmate, the inmate shall be returned to the custody of the department and the board shall rescind the inmate's parole.").

not inherently include the power to take that thing away.  It would be an unusual exercise in statutory construction to interpret verbs intentionally chosen also to encompass their antonyms.  As I am aware of no cases in which the Board previously has attempted to attach conditions to credit awards, even tacitly advancing a theory which might inspire the Board to begin doing so now risks opening the floodgates of future litigation over its propriety.

In any event, Chief Justice Saylor rightly observes that we lack the benefit of advocacy on the issue, as it has not been presented here and would not control this case. The General Assembly is free, of course, to amend the Parole Code to clarify its view on the hypothetical circumstances identified by the Chief Justice's concurrence.

Justice Todd joins this concurring opinion.