**[J-100-2019][M.O. - Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

OTTO YOUNG,

    Appellee

    v.

PENNSYLVANIA BOARD OF
PROBATION AND PAROLE,

    Appellant

: No. 1 MAP 2019
:
: Appeal from the Order of the
: Commonwealth Court dated 6/12/18 at
: No. 361 CD 2016 reversing the order of
: the Pennsylvania Board of Probation
: and Parole dated 2/24/16 and
: remanding
:
:
:
: ARGUED: November 20, 2019

## CONCURRING OPINION

**CHIEF JUSTICE SAYLOR**       **DECIDED: February 19, 2020**

I join the majority opinion, subject to the understanding that it is limited to the facts of this case, namely, the award by the Board of an *unconditional* credit against Appellee's sentence. *See* Notice of Board Decision filed July 23, 2013, in Parole No. 8933M, Institution No. BD0152 ("The Board in its' [sic] discretion awards credit to you for the time spent at liberty on parole."). *See generally Oliver v. City of Pittsburgh*, 608 Pa. 386, 395, 11 A.3d 960, 966 (2011) (restating the axiom that the holding of a judicial decision is read against its facts).

I also agree with the majority's decision to reject the Board's policy position in the circumstances presented, as the Board made no effort whatsoever to put Appellee on notice that revocation was possible. It would present a materially different case, in my view, had the Board, at the time that it conferred the credit, expressly conditioned the

award upon Appellee's refraining from committing any further crimes. Consistent with the notions of due process and fair notice, this, of course, would have apprised Appellee that the credit that he received was not intended to be unconditional, thus presenting a much better case for a reservation of discretion, in the Board, to revoke.

To the degree that the Commonwealth Court's reasoning would appear to preclude the Board from exercising its broad discretion relative to credit awards by imposing reasonable, express conditions, nothing in my joinder here should be taken as lending my own approval at this juncture. In this regard, the circumstances at hand do not present the issue, and concomitantly, there is no developed advocacy concerning whether the clear and unmistakable conferral of discretion, by the Legislature, upon the Board subject to no stated constraints carries with it the implied authority to impose reasonable conditions.[1] Of course, conditional grants of credit -- if and where appropriate -- would certainly dispel the Board's claims of absurdity as well as its depiction of an undesirable chilling effect. *See* Majority Opinion, *slip op.* at 5.

I acknowledge the scale of the Board's weighty responsibilities. On the other hand, as recently related in *Pittman*, the Board must also recognize that the dispensation of individualized justice, at a minimum, requires compliance with basic due process norms. *See Pittman*, 639 Pa. at 52, 159 A.3d at 474 (invoking due process concepts in rejecting the Board's position that it had been invested with unbridled and unreviewable discretion relative to decisions whether to award credit or impose a forfeiture).

In this regard, to the extent that the Board might attempt to incorporate any conditions into its future credit awards, the routinizing of such conditions -- absent

---

[1] In *Pittman v. PBPP*, 639 Pa. 40, 159 A.3d 466 (2017), this Court recognized that "the Board has the broadest of discretion over many decisions regarding parolees." *Id.* at 52, 159 A.3d at 474.

individualized assessments -- would likely implicate issues along the lines of those addressed in *Pittman*.

Justice Mundy joins this concurring opinion.