# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stanley Pettus, : 
          Petitioner : 
              : 
      v. : No. 456 C.D. 2020
              : Submitted: October 30, 2020
Pennsylvania Parole Board, : 
          Respondent : 

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE P. KEVIN BROBSON, Judge[1]
             HONORABLE CHRISTINE FIZZANO CANNON, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE BROBSON          FILED: February 24, 2021

Petitioner Stanley Pettus (Pettus) petitions for review of a final determination of the Pennsylvania Parole Board (Board), dated April 15, 2020, which denied Pettus's request for administrative relief. For the reasons set forth below, we affirm.

Pettus was incarcerated at a state correctional institution (SCI) when the Board granted him parole on May 3, 1999. (Certified Record (C.R.) at 3.) Pettus was officially released from confinement on June 10, 1999, and, at that time, he had a maximum sentence date of February 14, 2003. (*Id.* at 6.) Prior to his release, Pettus signed conditions governing his parole, which included the following language:

> If you violate a condition of your parole/reparole and, after the appropriate hearing(s), the Board decides that you are in violation of a

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Brobson became President Judge.

condition of your parole/reparole[,] you may be recommitted to prison for such time as may be specified by the Board.

If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

(*Id.* at 7.)

On September 3, 2002, Pettus was arrested by the Upper Darby Township Police Department and charged with the offenses of firearms not to be carried without a license and reckless driving. (C.R. at 9-11, 16.) The Board issued a warrant to commit and detain Pettus that same day. (*Id.* at 12.) In addition, the Board charged Pettus with a technical parole violation because the incident took place in Delaware County, and Pettus did not have permission to be outside the "Philadelphia district." (*Id.* at 13-16.)

Pettus waived his rights to a preliminary hearing and a detention hearing (C.R. at 17), and, by decision recorded on October 16, 2002, the Board detained Pettus pending disposition of the Upper Darby Township charges. (*Id.* at 21.) By subsequent decision recorded on January 9, 2003, the Board recommitted Pettus as a technical parole violator (TPV) to serve 12 months' backtime, when available. (*Id.* at 30.) Pettus remained incarcerated until reaching his maximum sentence date of February 14, 2003, at which time "he was released to begin a term of special probation from Lycoming County." (*Id.* at 54.) Pettus was instructed to report weekly to the Board's Philadelphia District Office pending the conclusion of his criminal trial; however, he failed to do so, and the Board declared him delinquent. (*Id.*)

On October 8, 2007, while delinquent, Pettus was arrested by the Philadelphia Police Department and charged with multiple offenses stemming from a 2006 home

2

invasion, including robbery, second-degree murder, and firearms charges. (C.R. at 36-40, 54.) Pettus pleaded guilty to robbery and conspiracy to commit robbery, and on January 11, 2010, he was sentenced to consecutive terms of 9 to 18 years' and 3 to 6 years' incarceration, for a total sentence of 12 to 24 years. (*Id.* at 41-45.)

Pettus's 2002 criminal charges from Upper Darby Township remained pending until June 18, 2019, when he was convicted of possession of a firearm without a license and was sentenced to 18 to 36 months' incarceration. (C.R. at 48, 54-55, 66.) The sentencing order specifically credited Pettus for his period of incarceration from October 8, 2007, to October 8, 2010. (*Id.* at 55.) The Board issued a warrant to commit and detain Pettus on July 22, 2019. (*Id.* at 47.) The Board conducted a parole revocation hearing, at which Pettus waived his right to representation and admitted to the conviction. (*Id.* at 57, 62-63.)

By decision recorded on October 15, 2019, the Board recommitted Pettus as a convicted parole violator (CPV) to serve 18 months' backtime in an SCI. (C.R. at 89.) The Board exercised its discretion and did not award Pettus credit for the time he spent at liberty on parole because his "conviction involved possession of a weapon." (*Id.* at 90.) The Board recalculated Pettus's parole violation maximum date as March 28, 2023.[2] (*Id.*)

Pettus filed a *pro se* administrative remedies form with the Board on November 14, 2019, challenging the Board's authority to modify his original sentence because it expired 17 years earlier and claiming that the Board's recalculation of his parole violation maximum date under that circumstance violated

---

[2] The Board's order to recommit indicates that Pettus owed 1,345 days' backtime. Adding this amount to his custody for return date of July 22, 2019, the date of the Board's warrant, yields the new parole violation maximum date of March 28, 2023. (C.R. at 87.)

3

his constitutional rights.[3]  (C.R. at 91-93.)  Counsel for Pettus entered his appearance by letter to the Board dated November 27, 2019.  (*Id.* at 95.)

By final determination mailed on April 15, 2020, the Board denied Pettus's request for administrative relief and affirmed its decision recorded on October 15, 2019.  (C.R. at 98-99.)  As to the merits, the Board explained that, because the Board recommitted Pettus as a CPV, the Board had the statutory authority to recalculate his sentence to reflect that he received no credit for the time he spent at liberty on parole.  (*Id.* at 98.)  The Board noted that Pettus was advised of this potential penalty through the parole conditions he signed upon his release in 1999 and that his ability to challenge the Board's recalculation decision satisfied his due process rights.  (*Id.*)  The Board further noted that Pettus committed the 2002 firearms charge while on parole and that the fact that he was not convicted until years later was irrelevant in terms of the Board's authority to recommit a parolee for an offense that occurs while on parole.  (*Id.*)  Pettus then petitioned this Court for review.

On appeal,[4] Pettus appears to abandon the issues raised before the Board relating to whether the Board lacked the statutory authority to modify his original sentence when it "expired" 17 years earlier.[5]  Instead, Pettus advances two issues

---

[3] As part of that argument, Pettus appeared to suggest that such a modification could not occur in the absence of a letter from the sentencing judge.

[4] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence.  2 Pa. C.S. § 704.

[5] With regard to Pettus's argument initially set forth in his administrative remedies form that the Board lacked the authority to modify Pettus's sentence based on his 2019 conviction on the 2002 firearm charge, Pettus's counsel states that "this argument lacks merit."  (Pet'r's Br. at 11.)  Pettus's counsel correctly observes that Section 6138(a)(1) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138(a)(1), provides that the Board may recommit as a CPV a parolee

4

unrelated thereto. Pettus argues that the Board failed to properly credit him for all the time he served exclusively on its warrant and for which the Board previously granted him credit. Essentially, he asserts that the Board erred in revoking the credit it previously granted him for time spent at liberty on parole when he was recommitted as a CPV in 2019, citing this Court's decision in *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019) (*en banc*), *appeal denied*, 228 A.3d 254 (Pa. 2020), as support. Pettus also argues that the Board abused its discretion by failing to give him credit for time spent at liberty on parole when it recommitted him as a CPV in 2019, because, *inter alia*, his Upper Darby Township firearms conviction is not a crime of violence and the Board failed to follow its own guidelines.

Before we reach the merits of Pettus's arguments, we must ensure they are properly before this Court. "The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal." *Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012); *see also* Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. § 703(a) ("A party who proceeded before a Commonwealth agency . . . may not raise upon appeal any other question not raised before the agency . . . unless allowed by the court upon due cause shown."); Pa. R.A.P. 1551(a) (providing that, with limited exceptions, "[o]nly questions raised before the government unit shall be heard or considered").

---

"who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury . . . at any time thereafter." Furthermore, Pettus's counsel concedes that the Board did not violate Pettus's constitutional rights and that the Board's revocation decision is supported by substantial evidence of record. As Pettus has abandoned this argument on appeal, we need not address it further.

5

Here, as mentioned above, Pettus raised in his administrative remedies form submitted to the Board issues challenging the Board's authority to modify his original sentence when, as he describes it, the sentence "expired" 17 years earlier. He is not pursuing this issue on appeal, and, therefore, this issue has been waived. Similarly, neither of the issues raised in Pettus's petition for review and brief were raised before the Board, and he cannot now raise them for the first time on appeal to this Court. *See Chesson.* Consequently, Pettus has waived these issues.[6]

---

[6] Even if Pettus had preserved the issues he now seeks to assert for the first time on appeal, we would still have affirmed the Board's determination. As stated above, Pettus first argues that the Board violated this Court's holding in *Penjuke* when it recommitted him as a CPV and revoked the credit it previously granted him for time spent at liberty on parole. But as the Board points out, unlike the petitioner in *Penjuke*, Pettus committed the criminal conduct that led to his recommitment as a CPV during the *same* parole period as the technical violations which led to him first being recommitted as a TPV. In fact, Pettus's technical violation stems from the exact same 2002 incident as the firearms charge. (*See* C.R. at 10-16.) The factual situation presented here is more in line with that of *Kazickas v. Pennsylvania Board of Probation and Parole*, 226 A.3d 109 (Pa. Cmwlth. 2020). In this recent case, we affirmed the Board's decision to revoke the petitioner's credit, reasoning that "[b]ecause the criminal conduct that led to [the petitioner's] CPV recommitment occurred during the *same* parole period as the violation that led to his TPV recommitment, *Penjuke* does not control in this case." *Kazickas*, 226 A.3d at 116 (emphasis added). Our decision in *Kazickas* controls here, and, thus, the Board did not violate the holding in *Penjuke* by revoking the credit Pettus previously received. *See Hammett v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 13 C.D. 2019, filed May 8, 2020).

Pettus next attempts to argue on appeal that the Board abused its discretion by failing to give him credit for time spent at liberty on parole when recommitting him as a CPV. Section 6138(a)(2.1) of the Code, 61 Pa. C.S. § 6138(a)(2.1), sets forth guidelines for the Board's discretionary power in granting and denying credit for parole. In addition, our Supreme Court has determined that, pursuant to that section "the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 475 (Pa. 2017). A "single[-]sentence explanation" by the Board for its decision, however, "is likely sufficient in most instances" to meet the *Pittman* standard. *Id.* at 475 n.12. Here, the Board's decision lists the reason for denying Pettus credit for time spent at liberty on parole as "conviction involved possession of a weapon." (C.R. at 90.) Pettus does not deny the conviction or the offense, and this Court has previously deemed the same reason of the Board to be sufficient to deny credit under *Pittman* and, thus, not an abuse of

6

Based on the foregoing, we affirm the final determination of the Board.


_____
P. KEVIN BROBSON, Judge

---

discretion. *See Hayward v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1735 C.D. 2017, filed July 18, 2018).

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Stanley Pettus,                  :
                 Petitioner       :
                               :
        v.                     :    No. 456 C.D. 2020
                               :
Pennsylvania Parole Board,    :
                Respondent    :

# **O R D E R**

AND NOW, this 24th day of February, 2021, the final determination of the Pennsylvania Parole Board, dated April 15, 2020, is AFFIRMED.

<br>

                                               _____

                                        P. KEVIN BROBSON, Judge