IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Giovanni Soto,                                     :
                            Petitioner     :
                                                   :
        v.                                         :        No. 98 C.D. 2023
                                                   :        Submitted: November 6, 2023
Pennsylvania Parole Board,          :
                            Respondent  :

BEFORE:     HONORABLE PATRICIA A. McCULLOUGH, Judge
                       HONORABLE MICHAEL H. WOJCIK, Judge
                       HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION
BY SENIOR JUDGE LEAVITT                       FILED:  March 1, 2024


        Giovanni Soto petitions for review of an adjudication of the
Pennsylvania Parole Board (Parole Board) denying his request for administrative
relief from its decision recommitting him as a convicted parole violator.  On appeal,
Soto argues that the Parole Board's stated reasons for awarding partial credit for his
time at liberty on parole were arbitrary.  For the reasons to follow, we affirm the
Parole Board.

        The relevant facts are not in dispute.  Soto is currently incarcerated at
the State Correctional Institution at Mahanoy.  He is serving a 5- to 10-year sentence
of incarceration for drug-related offenses and possession of a firearm, with a
maximum sentence date of July 11, 2023.

        On July 11, 2018, Soto was paroled to an approved home plan.  While
on parole, on July 20, 2021, Soto was arrested by the Exeter Township Police
Department on new criminal charges.  He was charged with: (1) manufacture,
delivery, or possession of a controlled substance with intent to manufacture or
deliver; (2) intentional possession of a controlled substance by a person not

registered; (3) marijuana – small amount personal use; (4) use/possession of drug paraphernalia; (5) operating a vehicle while driver's license suspended/revoked; (6) operating unregistered vehicle; and (7) no certificate of title for vehicle. Certified Record at 64 (C.R. __). Soto did not post bail; therefore, he remained detained on the new criminal charges. On May 3, 2022, Soto pled guilty to manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance. He was sentenced to 5 to 10 years of incarceration.

On July 11, 2022, the Parole Board issued a Notice of Charges and Hearing to Soto as a result of his conviction on May 3, 2022. A revocation hearing was conducted on July 27, 2022. At the hearing, Soto, who was represented by counsel, admitted the new conviction. As to his adjustment while on parole, Soto testified that he initially got a job with a trash company, working six days a week. Hearing Transcript at 10 (H.T. __); C.R. 37. He worked there for six to eight months. While working as a trash hauler, he taught himself welding. H.T. 11; C.R. 38. Subsequently, he got a job welding aluminum, working 40 hours a week. He worked there for six months, before getting another welding job that paid more. However, he was laid off from that job after he injured his welding hand. While on parole, he was enrolled in a drug and alcohol program.

On August 16, 2022, the Parole Board recommitted Soto as a convicted parole violator to serve 12 months' backtime. It explained its reasons for awarding Soto partial credit for his time spent at liberty on parole as follows:

-The offender committed a new conviction that is the same or similar to the original offense thereby warranting denial of credit for time at liberty on parole.

-The offender demonstrated marginal overall adjustment on supervision.

2

> -The offender received a new sentence of 5 to 10 years on the new conviction to be served consecutive to the current sentence.

C.R. 76. The Parole Board calculated Soto's new maximum sentence date as March 9, 2027.

Soto appealed. On the administrative remedies form, Soto stated that the Parole Board abused its discretion in forfeiting his street time.

By decision mailed January 12, 2023, the Parole Board denied Soto's request for administrative relief. It explained that the decision whether to grant or deny a convicted parole violator credit for time at liberty on parole is purely a matter of discretion. Under *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017), the Parole Board must articulate the basis for its decision to grant or deny a convicted parole violator credit for time spent at liberty on parole. The Parole Board did so in its decision, *i.e.*, stating that his new conviction for a drug offense was the very same offense for which he had been incarcerated before parole. Soto petitioned for this Court's review.

On appeal,[1] Soto argues that the Parole Board abused its discretion by not awarding him full credit for his time spent at liberty on parole before his recommitment. He contends that the Parole Board's stated reasons for its decision do not explain its award of partial credit. As such, the Parole Board's decision was arbitrary. Soto seeks a remand directing the Board to explain its rationale for limiting its award of credit to 154 days.

---

[1] This Court's review determines whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995). When presented with a question of law, our standard of review is *de novo*, and our scope of review is plenary. *Pittman*, 159 A.3d at 473. Where the law grants the Parole Board discretion, we review for an abuse of discretion. *Id*. at 474.

The Parole Board responds that it provided a sufficient explanation for the exercise of its discretion. It denied full credit for time spent at liberty on parole because Soto's new conviction was the same or similar to his original offense. That is a sufficient reason and supported by the record. *See Colon-Vega v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 2496 C.D. 2015, filed August 26, 2016) (unreported)[2] (two new convictions while on parole for the same offense was sufficient reason to deny credit for time spent at liberty on parole). Regarding Soto's contention that credit for 154 days was arbitrary, the Parole Board responds that its decision to limit credit was based upon his overall adjustment on parole as marginal, and, further, his conviction of a new crime while on parole. The Parole Board argues this explanation is sufficient and not arbitrary.

Section 6138(a)(2.1) of the Prisons and Parole Code (Parole Code) vests the Parole Board with discretion to grant a convicted parole violator credit for time spent at liberty on parole. This provision states, in relevant part:

> (2.1) The board may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence or a crime listed under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or I (relating to continued registration of sexual offenders).
> >
> > (ii) The offender was recommitted under section 6143 (relating to early parole of offenders subject to Federal removal order).

---

[2] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

61 Pa. C.S. §6138(a)(2.1). The Parole Board can grant a convicted parole violator partial or full credit for the time spent at liberty on parole. *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401, 413 (Pa. Cmwlth. 2019). *In Pittman*, 159 A.3d at 475, the Pennsylvania Supreme Court held that if the Parole Board exercises its discretion and denies credit, it "must provide a contemporaneous statement explaining its reason for denying a [convicted parole violator] credit for time spent at liberty on parole." The Parole Board's statement need not "be extensive and a single sentence explanation is likely sufficient in most instances." *Id*. at 475 n.12.

Because Soto's new convictions were not for a violent or sexual crime and he was not recommitted under Section 6143 of the Parole Code, the Parole Board had discretion to grant or deny Soto credit for his time spent at liberty on parole. 61 Pa. C.S. §6138(a)(2.1). The Parole Board exercised its discretion to award Soto partial credit of 154 days and not for the remainder of the time he spent at liberty on parole. A decision to award an inmate credit for time spent at liberty on parole does not mean it must award full credit for all time at liberty on parole. *Clark v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 509 C.D. 2019, filed March 17, 2021) (unreported), slip op. at 10. The Parole Board also has discretion to award partial credit.

This Court has found single-sentence explanations given by the Parole Board for its decision to deny credit for time spent at liberty on parole sufficient to meet the *Pittman* standard. *See, e.g.*, *Tres v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 828 C.D. 2018, filed June 3, 2019) (unreported) (Parole Board's stated reason, "arrested for a firearms charge," satisfied *Pittman* standard); *Lawrence v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1132

5

C.D. 2018, filed April 12, 2019) (unreported) (Parole Board's stated reason of "new conviction same/similar to the original offense" satisfied *Pittman* standard); and *Williams v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1243 C.D. 2018, filed August 21, 2019) (unreported) (Parole Board's stated reason of "new conviction same/similar to original offense" satisfied *Pittman* standard). Here, the Parole Board explained its decision to limit its award of credit to 154 days was because of Soto's conviction of a new offense and marginal adjustment while on supervision. These reasons satisfy the *Pittman* standard.

Soto contends, however, that if the Parole Board may deny all credit for the stated reason that the parolee was convicted of a new offense similar to the original offense, then it must explain why it awarded the parolee any credit. We disagree. Our Court has held, specifically, that a new conviction similar to the original offense constitutes an adequate explanation for the award of partial credit. *See Allah v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1429 C.D. 2018, filed May 15, 2019) (unreported).

Soto received credit for 154 days of street time because that was the number of days Soto was drug-free while on parole. In the hearing report, the hearing examiner recommended that Soto be awarded partial credit "[b]ased on his supervision adjustment," noting that Soto's "overall adjustment was marginal with few sanctions/new minor convictions during this period." C.R. 51. Based on that report, the hearing examiner recommended that Soto be awarded credit from "07/11/2018 (date of parole) to 12/12/2018 (date of drug use on parole)," *i.e.*, 154 days. *Id.* Soto's parole supervision record showed that he was released on parole on July 11, 2018. On December 12, 2018, his urine sample tested positive for drugs, and he was given a verbal warning. C.R. 26. *See, e.g.*, *Taylor v. Pennsylvania*

6

*Parole Board* (Pa. Cmwlth., No. 832 C.D. 2020, filed July 19, 2021) (unreported) (Parole Board's decision to award 433 days of credit from date of parole to date of the first reported sanction was not arbitrary).

The Parole Board could have provided more explanation for the 154 days' credit, but it was not required to do so. Its choice of 154 days is apparent from the record and is not arbitrary. Generally, an administrative agency's exercise of discretion will be upheld so long as it is authorized by statute. In other words, it is not "arbitrary" to choose a number within a range authorized by statute. *Eckhart v. Department of Agriculture*, 8 A.3d 401, 407 (Pa. Cmwlth. 2010). Here, the Parole Board's choice of 154 days was fully consonant with its discretion under the Parole Code, 61 Pa. C.S. §6138(a)(2.1).

For these reasons, we affirm the Parole Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Giovanni Soto,                          :
                    Petitioner          :
                                        :
        v.                              :        No. 98 C.D. 2023
                                        :
Pennsylvania Parole Board,              :
                    Respondent          :

# **O R D E R**

AND NOW, this 1st day of March, 2024, the adjudication of the Pennsylvania Parole Board, mailed January 12, 2023, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita