# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jonathan Rosado, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 443 C.D. 2023 |
| | : | |
| Pennsylvania Parole Board, | : | |
| Respondent | : | Submitted: March 8, 2024 |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE MATTHEW S. WOLF, Judge

## <u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOLF                                    FILED:  June 12, 2024

Jonathon Rosado (Rosado) petitions for review of a final determination of the Pennsylvania Parole Board (Board) dated April 19, 2023, which denied Rosado's petition for administrative review of the Board's decision recommitting him to a state correctional institution (SCI) as a convicted parole violator (CPV) and declining to award him credit for time he spent at liberty on parole.  We affirm.

## BACKGROUND

It is unnecessary to discuss Rosado's lengthy criminal history to dispose of the instant appeal.  Pertinent here, Rosado was released on parole in February of 2020.  Certified Record (C.R.) at 42.  On May 14, 2020, Northampton Police were called to a domestic disturbance.  When they arrived, they found Rosado's paramour with bruising on her face. *Id.* at 53.   On August 15, 2020, the Northampton Police were again called to Rosado's residence for a domestic disturbance. *Id.* Rosado's paramour was found with bruising on her face and body. *Id.* Rosado was located a few blocks away. *Id.* When police made contact with him, Rosado fought and bit an

officer. Rosado was eventually tased. *Id.* Upon arrival of emergency medical services (EMS) Rosado attempted to bite an EMS worker. *Id.* Once he was in custody, Rosado was charged for both the May 14, 2020, and August 15, 2020 incidents. *Id.*

On August 30, 2022, Rosado was sentenced to 12 to 24 months following convictions for disarming law enforcement and 9 to 24 months for resisting arrest. C.R. at 59. On November 17, 2022, Rosado waived his revocation hearing and admitted to the new criminal charges. *Id.* at 60.

On November 22, 2022, the Board recommitted Rosado to an SCI to serve 24 months for the offense of disarming a law enforcement officer and resisting arrest.[1] C.R. at 91. The Board, in its discretion, did not award Rosado credit for the time he spent at liberty on parole, stating:

> --THE OFFENDER COMMITTED A NEW OFFENSE THAT WAS ASSAULTIVE IN NATURE THEREBY WARRANTING DENIAL OF CREDIT FOR TIME AT LIBERTY ON PAROLE.
>
> --THE OFFENDER'S BEHAVIOR REFLECTS DOMESTIC VIOLENCE ISSUES THAT WARRANT DENYING CREDIT FOR TIME AT LIBERTY ON PAROLE.

*Id.* at 92.

On December 28, 2022, the Board received an administrative remedies form from Rosado, alleging that the Board failed to give him credit for all time served exclusively on the Board's warrant while incarcerated, and challenging the Board's failure to award him credit for good standing while on parole. C.R. at 99. On April

---

[1] The record reflects the "Notice of Board Decision" was mailed on December 2, 2022.

19, 2023, the Board issued a decision modifying its November 22, 2022 action to reflect a new maximum parole violation date but stated that "the rest of the Board action remains the same." *Id.* at 96. Petitioner filed a timely petition for review with this Court on May 9, 2023.

## ISSUE

On appeal,[2] Petitioner argues that the Board abused its discretion in failing to award him credit for time in good standing while on parole.[3]

## DISCUSSION

Rosado's challenge centers on the Board's failure to award time at liberty on parole on the basis that his behavior reflected domestic violence issues. Rosado notes that while he faced various assault charges, they were withdrawn at the time of his guilty plea and sentencing on August 30, 2022. C.R. at 78-79. In response, the Board cites the Pennsylvania Supreme Court's decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017), for the proposition that it correctly exercised its discretion.

---

[2] This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704. When determining whether there has been an abuse of discretion, the Pennsylvania Supreme Court has held that "[a]n abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will[.]" *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006).

[3] Petitioner's petition for review raises an additional issue that the Board "failed to give [Rosado] credit for all time served exclusively on the [B]oard's warrant or while incarcerated." Petition for Review ¶5. Petitioner has, however, abandoned this argument. *See* Petitioner's Brief at 12 (stating "there are no grounds to appeal this issue").

3

Section 6138(a)(2.1) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. § 6138(a)(2.1), sets forth guidelines for the Board's discretionary power in granting and denying credit for time spent at liberty on parole and provides:

> The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H [42 Pa. C.S. §§ 9799.10-9799.42] (relating to registration of sexual offenders) or I [42 Pa. C.S. § 9799.51-9799.75] (relating to continued registration of sexual offenders).
>
> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138(a)(2.1).

In *Pittman*, our Supreme Court observed that Section 6138(a)(2.1) of the Parole Code "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence." *Pittman*, 159 A.3d at 473. When exercising its discretion to deny credit for time spent at liberty on parole, the Board must provide a "contemporaneous statement" explaining its rationale. *Id.* at 475. The Board's explanation need not be extensive, and "a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12. This allows the appellate court reviewing the matter to have a "method to assess the Board's exercise of discretion." *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 651 (Pa. Cmwlth. 2018) (quoting *Pittman*, 159 A.3d at 474). To meet the standard, "[t]he Board's credit decision should contain sufficient facts related to the parolee 'to

4

ensure the decision is not arbitrary[,]'" and its "statement of reasons should be informed by aggravating and mitigating circumstances and account for the parolee's individual circumstances[,]" and, "[a]t a minimum, . . . must accurately reflect the facts informing its decision." *Id.* at 652 (quoting *Barge v. Pa. Bd. of Prob. & Parole*, 39 A.3d 530, 548 (Pa. Cmwlth. 2012), *aff'd*, 96 A.3d 360 (Pa. 2014)). In addition to accuracy, we have also considered whether the Board's stated reason "is documented in the record and affords the parolee notice of the specific acts being referenced." *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019).

Based on our review of the record, we cannot say that the Board erred in denying Rosado credit for his time spent at liberty on parole. The record reflects multiple instances where Rosado exhibited assaultive behavior including biting and fighting a law enforcement officer and an attempt to bite an EMS responder. Even in the absence of a conviction for the documented domestic violence incidents, Rosado's early failure on parole (the incident involving the police officers occurred within six months of being released) coupled with his acts of disarming a police officer and resisting arrest, support the Board's determination and do not reflect an abuse of discretion.

Accordingly, the Board's determination is affirmed.

_____
MATTHEW S. WOLF, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jonathan Rosado,
               Petitioner

      v.

Pennsylvania Parole Board,
               Respondent

:
:
:
:  No. 443 CD 2023
:
:
:

## **O R D E R**

AND NOW, this 12th day of June 2024, the April 19, 2023 determination of the Pennsylvania Parole Board is AFFIRMED.

_____
MATTHEW S. WOLF, Judge