IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Francis Laffey,                          :
                        Petitioner       :
                                         :
        v.                               :    No. 16 C.D. 2020
                                         :    Submitted: July 24, 2020
Pennsylvania Board of Probation          :
and Parole,                              :
                        Respondent       :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE LEAVITT                          FILED: October 14, 2020

        Francis Laffey petitions for review of an adjudication of the
Pennsylvania Board of Probation and Parole (Parole Board)[1] denying his
administrative appeal. Laffey's appointed counsel, Meghann E. Mikluscak,
Esquire (Counsel), has filed an application for leave to withdraw as counsel. For
the reasons that follow, we grant Counsel's request to withdraw and affirm the
Parole Board's decision.

        In 2008, Laffey was convicted of burglary of an occupied structure
and attempted burglary. He was sentenced to a term of incarceration of 7 to 15
years. On December 2, 2017, Laffey was paroled. At the time of his parole,
Laffey's maximum sentence date was July 9, 2022.

_____

[1] Following the filing of the petition for review, the Pennsylvania Board of Probation and Parole
was renamed the Pennsylvania Parole Board. *See* Sections 15 and 16.1 of the Act of December
18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of
the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

On May 11, 2018, the Parole Board assigned Laffey to the Halfway Back program at Renewal, Inc. for 90 days, 45 days of which were to be inpatient. Laffey absconded from parole supervision, and the Parole Board declared him delinquent effective May 22, 2018.

On June 3, 2018, the Swissvale Police Department arrested Laffey and charged him with intentional possession of a controlled substance by a person not registered and providing false identification to law enforcement. On that same day, the Parole Board issued a warrant to commit and detain Laffey for violating the conditions of his parole.[2] On or around June 13, 2018, the Parole Board learned that on May 5, 2018, the University of Pittsburgh Medical Center Police Department had filed criminal charges against Laffey for possession of a controlled substance.

On October 25, 2018, Laffey pled guilty to the June 3, 2018, charges of intentional possession of a controlled substance by a person not registered and providing false identification to law enforcement. He was sentenced to two years of probation. Laffey waived his right to a parole revocation hearing. By decision of November 28, 2018, the Parole Board recommitted Laffey as a convicted parole violator.

Thereafter, on December 3, 2018, Laffey pled guilty to the charge of intentional possession of a controlled substance by a person not registered that resulted from his May 5, 2018, arrest. He was sentenced to 12 months' probation. By decision mailed on February 6, 2019, the Parole Board recommitted Laffey as a convicted parole violator for this new criminal conviction. The Parole Board

---

[2] On June 4, 2018, Laffey was initially detained on the new criminal charges because he was unable to post bail. On June 13, 2018, his bail was changed to non-monetary; however, Laffey remained incarcerated on the Parole Board's warrant.

2

denied Laffey credit for time spent at liberty on parole, explaining that he had absconded from parole. It calculated Laffey's maximum date of sentence as January 8, 2023.

Laffey filed a petition for administrative review with the Parole Board challenging the calculation of his maximum date of sentence and the Parole Board's decision not to award him credit for time spent at liberty on parole, also known as street time. By decision mailed December 10, 2019, the Parole Board denied his request for administrative relief.

On January 7, 2020, Laffey, *pro se*, filed a petition for review with this Court. In his petition, Laffey asserted that the Parole Board erred when it "failed to credit [him] for [the] 183 days spent at liberty and changed [his] max day from 7/9/22 to 1/8/23." Petition for Review ¶6(b). Additionally, Laffey asserted that the Parole Board erred when it "falsely listed that [he] '[a]bsconded while on supervision' as [its] reason to elect not to credit [him] for [his] time spent at liberty" because he never absconded. *Id.* ¶6(a). On April 7, 2020, Counsel filed an application to withdraw her appearance and an accompanying no-merit letter explaining why there is no legal basis for Laffey's appeal.

In *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), our Supreme Court set forth the technical requirements appointed counsel must meet in order to withdraw from representation. Pursuant to *Turner*, once appointed counsel has reviewed the case and determined that the petitioner's claims are meritless, he or she must

> then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). If the requirements of *Turner* are met, this Court must then consider the merits of the petitioner's claim. *Id*.

In the instant case, Counsel has filed a no-merit letter detailing her review of Laffey's criminal record and explaining the basis for her legal conclusion that Laffey's appeal lacks merit. The record establishes that Counsel sent to Laffey copies of the no-merit letter, her application to withdraw and a letter advising Laffey of his right to obtain new counsel or proceed *pro se*. Because Counsel has complied with the requirements of *Turner*, we now consider the merits of Laffey's petition.

On appeal,[3] Laffey challenges the Parole Board's decision to deny him credit for time spent at liberty on parole. He claims that, contrary to the Parole Board's proffered reason for denying him credit, he did not abscond from parole supervision.

Section 6138(a) of the Prisons and Parole Code governs the award of credit for street time and provides, in relevant part:

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

---

[3] Our review of the Parole Board's decision determines whether constitutional rights were violated, whether the decision was in accordance with the law, or whether the necessary findings of fact were supported by substantial evidence. *Kerak v. Pennsylvania Board of Probation and Parole*, 153 A.3d 1134, 1138 n.9 (Pa. Cmwlth. 2016).

4

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a)(2),(2.1). While on parole, Laffey did not commit a disqualifying crime under Section 6138(a)(2.1)(i). Nor was he subject to a federal removal order. Accordingly, under Section 6138(a)(2.1)(ii), the Parole Board had discretion to grant Laffey credit for his street time. It chose not to do so.

In *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017), the Pennsylvania Supreme Court held that the Parole Board must articulate the basis for its decision to deny credit to a convicted parole violator for his time spent at liberty on parole. Here, the Parole Board complied with *Pittman* by stating in its February 6, 2019, decision that it did not give Laffey credit for his street time because he "absconded while on supervision." Certified Record at 93 (C.R. __). The Parole Board's statement satisfied Section 6138(a)(2.1).

Laffey's challenge to the accuracy of the Parole Board's stated reason for denying him credit for street time is unfounded. The Parole Board's record of

5

supervision history shows that on May 22, 2018, Laffey absconded[4] from the program at Renewal, Inc. C.R. 22. His whereabouts were unknown. *Id.* The Parole Board's wanted notice also stated that Laffey absconded from parole supervision. C.R. 17. The record supports the Parole Board's stated reason for denying Laffey credit.

When Laffey was paroled on December 2, 2017, his maximum sentence date was July 9, 2022. Laffey had 1680 days remaining on his original sentence. The Parole Board did not award Laffey credit for time spent at liberty on parole, but it gave him credit for time he spent incarcerated solely on the Board's detainer, *i.e.*, from June 3, 2018, to December 3, 2018, or 183 days. Subtracting 183 days from the 1680 days leaves 1497 days remaining on Laffey's original sentence. Adding 1497 days to December 3, 2018, the date Laffey was available to begin serving his original sentence, results in a maximum sentence date of January 8, 2023. In short, the Parole Board correctly calculated Laffey's parole violation maximum sentence date.

For these reasons, we conclude that Counsel has fulfilled the requirements of *Turner*, 544 A.2d 927, and our independent review of the record confirms that Laffey's appeal lacks merit. Accordingly, we grant Counsel's application to withdraw and affirm the Parole Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge

---

[4] The term "absconded" means that the parolee "absent[ed] himself or herself from supervision by parole [] authorities." 12 TIMOTHY P. WILE, PENNSYLVANIA LAW OF PROBATION AND PAROLE, Appendix I (3d ed. 2010).

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Francis Laffey,              :
          Petitioner    :
                         :
       v.               :    No. 16 C.D. 2020
                         :
Pennsylvania Board of Probation   :
and Parole,               :
          Respondent   :

# **O R D E R**

AND NOW, this 14th day of October, 2020, the Application for Leave to Withdraw Appearance filed by Meghann E. Mikluscak, Esquire, is GRANTED, and the adjudication of the Pennsylvania Board of Probation and Parole, dated December 10, 2019, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge