# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward James King,                         :
                        Petitioner          :
                                            :
        v.                                  :    No. 875 C.D. 2019
                                            :    Submitted:  January 31, 2020
Pennsylvania Board of                       :
Probation and Parole,                       :
                        Respondent          :


BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
         HONORABLE PATRICIA A. McCULLOUGH, Judge
         HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*


MEMORANDUM OPINION
BY JUDGE BROBSON                        FILED:  November 10, 2020

Petitioner Edward James King (King) petitions for review of a final determination of the Pennsylvania Board of Probation and Parole[1] (Board), dated May 14, 2019.  The Board denied King's request for administrative relief, thereby rejecting his claim that the Board erred by failing to grant him credit for all time served at liberty on parole.  For the reasons set forth below, we affirm.

On January 8, 2002, King was convicted of three counts of robbery. (Certified Record (C.R.) at 7.)  The Court of Common Pleas of Allegheny County

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Code), *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

(common pleas) sentenced King to a term of incarceration of 5 to 20 years, resulting in a minimum sentence date of March 23, 2005, and a maximum sentence date of June 23, 2020. (*Id.*) On March 28, 2005, King was officially released from confinement on parole. (*Id.* at 13.) On a number of occasions, beginning in February 2006 and continuing until 2015, the Board recommitted King for various technical parole violations, including failures to report to parole supervisors as directed, failure to notify parole supervisors of his relocation to a new address, and admitted use of alcohol while on parole. (*Id.*) After each recommitment, the Board subsequently re-paroled King. (*Id.*) Relevant to the matter now before the Court, the Board automatically re-paroled King on March 22, 2015, although it appears that he was officially released from confinement on March 28, 2015. (*Id.* at 1, 14.) At that point, King's parole violation maximum date was June 23, 2020. (*Id.* at 2.)

On March 30, 2016, King was arrested on charges of trespass and simple assault in DeKalb County, Georgia, and was subsequently convicted and sentenced to 6 months' imprisonment. (*Id.*) By action recorded March 8, 2017, the Board acknowledged the conviction and took no further action. (*Id.* at 26.)

On September 15, 2017, after King had returned to Pennsylvania, officers of the Mount Oliver Borough Police Department stopped King for traffic violations and discovered heroin in King's possession. (*Id.* at 46-47.) They arrested King and charged him with misdemeanor possession of a controlled substance. (*Id.*) On October 26, 2017, the Pennsylvania Office of Attorney General (OAG) charged King with multiple felonies, including conspiracy and delivery of a controlled substance. (*Id.* at 54-55.)

On December 25, 2017, the Board issued a warrant to commit and detain King. (*Id.* at 34.) That same day, the Pittsburgh Police Department arrested King

on the Board's warrant. (*Id.* at 65.) On January 12, 2018, the Board issued a notice of charges noting the pending charges against King from his September 15, 2017 arrest and the subsequent charges from the OAG. (*Id.* at 36.) On January 17, 2018, OAG arrested King and charged him with various drug-related charges, including criminal conspiracy, possession with the intent to deliver, prohibited acts, and criminal use of a communication facility. (*Id.* at 77.) On that same day, common pleas set King's monetary bail at $2,500. (*Id.* at 80.) King posted bail on March 6, 2018, and was released into Board custody that same day. (*Id.* at 70, 213.) By action recorded on April 6, 2018, the Board detained King pending disposition of his new criminal charges. (*Id.* at 71.)

On August 15, 2018, King pleaded guilty to 1 count of conspiracy and 5 counts of manufacture, delivery, or possession of a controlled substance with intent to manufacture or deliver (First Conviction), and common pleas sentenced King to a term of imprisonment of 18 to 36 months. (*Id.* at 74-75, 78.) On the same date, King pleaded guilty to 1 count of possession of a controlled substance resulting from his September 15, 2017 arrest (Second Conviction), and common pleas sentenced him to a term of imprisonment of 3 to 6 months, to be served concurrently with the sentence for his First Conviction. (*Id.* at 72.)

On August 24, 2018, the Board issued a notice of charges and scheduled a parole revocation hearing in relation to King's First Conviction, based on his status as a convicted parole violator (CPV). (*Id.* at 99.) On August 31, 2018, the Board issued a similar notice with respect to King's Second Conviction. (*Id.* at 111.) King subsequently signed a Waiver of Revocation Hearing and Counsel/Admission Form with respect to each of his two convictions. (*Id.* at 98, 125.) By signing these forms, King waived his right to a revocation hearing, the right to a panel hearing,

and the right to have counsel present at that hearing with respect to each conviction. (*Id.*) He also admitted that he pleaded guilty to the new criminal charges supporting his two convictions. (*Id.*) By decision recorded September 21, 2018 (mailed October 9, 2018), the Board recommitted King as a CPV to serve the remainder of the unexpired term for his First Conviction. (*Id.* at 167.) The Board recalculated King's parole violation maximum sentence date to be January 7, 2028, and also noted that his maximum sentence date was "subject to change." (*Id.*) In its September 21, 2018 decision, the Board did not state whether it would grant or deny King credit for time spent at liberty on parole. (*Id.*) By decision recorded October 22, 2018 (mailed November 6, 2018), the Board noted King's Second Conviction and declined to take further action with respect to that conviction. (*Id.* at 189.) The Board also stated that, in its September 21, 2018 decision relative to King's First Conviction, the Board denied King credit for time spent at liberty on parole because King "absconded while on supervision" and showed a "prior history of supervision failures." (*Id.*)

Beginning on November 19, 2018, King filed a series of petitions seeking administrative relief from the Board's September 21, 2018 and October 22, 2018 decisions. (*Id.* at 191-212.) King set forth a variety of arguments, including that the Board erred in denying him credit to which he was entitled and in revoking credit it had previously granted him. On May 14, 2019, the Board mailed King a response, essentially granting his petitions for administrative relief in part and denying them in part. In its response, the Board reasoned:

> The [B]oard paroled you from a state correctional institution (SCI) on March 22, 2015[,] with a max date of June 23, 2020. This left you with a total of 1,920 days remaining on your sentence at the time of parole. The Board's decision to recommit you as a [CPV] authorized the recalculation of your sentence to reflect that you

4

receive no credit for the time you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2). In this case, the [B]oard did not award you credit for time at liberty on parole. This means you still had a total of 1,920 days remaining on your sentence based on your recommitment.

The [B]oard lodged its detainer against you on December 25, 2017. You were arrested for new criminal charges in the Court of Common Pleas of Allegheny County at docket number 1443-2018 on January 17, 2018, and posted bail on March 6, 2018. You were sentenced on August 15, 2018[,] to a term of state confinement.

Based on these facts, the [B]oard awarded backtime credit from December 25, 2017[,] to January 17, 2018[,] and from March 6, 2018[,] to August 15, 2015[2] (185 days). Subtracting these 185 days means you now have a total of 1,735 days remaining on your original sentence (not 3,420 days as initially calculated).

. . . .

Accordingly, all of your calculations have been corrected, and you will be receiving a new [B]oard action
. . . .

(*Id.* at 213-14 (emphasis omitted).) By action dated that same day—May 14, 2019—the Board modified its decision of October 22, 2018, by correcting King's indictment number, modifying the length of his unexpired term to 4 years, 8 months, and 30 days, and recalculating King's parole violation maximum sentence date as May 16, 2023. (*Id.* at 216.) The Board also noted that "the rest of the Board['s October 22, 2018] action remains the same." (*Id.*)

---

[2] The Board's response purports to calculate credit by using the date August 15, 2015, but it appears that this is a typographical error as to the year. As noted in the preceding paragraph, King was sentenced to a term of state confinement on August 15, 2018—not 2015. Calculating credit from December 25, 2017, to January 17, 2018, and from March 6, 2018, to August 15, 2018 (*i.e.*, the correct date), results in a credit of 185 days, as calculated by the Board.

On appeal to this Court,[3] King argues that the Board abused its discretion in failing to grant him backtime credit for time spent at liberty on parole. Specifically, King contends that the reasons the Board articulated for its denial of credit—that King "absconded while on supervision" and had a "prior history of supervision failures"—are not specific enough to support the Board's action because those reasons do not identify the particular dates on which the relevant supervision failures occurred. (King's Br. at 15.)

When determining whether there has been an abuse of discretion, the Pennsylvania Supreme Court has held that "an abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006); *see also Moss v. SCI-Mahanoy Superintendent Pa. Bd. of Prob. & Parole*, 194 A.3d 1130, 1133 n.5 (Pa. Cmwlth. 2018), *appeal denied*, 215 A.3d 562 (Pa. 2019).

Section 6138(a)(2.1) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138(a)(2.1), sets forth guidelines for the Board's discretionary power in granting and denying credit for parole and provides:

> The Board *may,* in its discretion, award credit to a parolee recommitted under paragraph (2)[4] for the time spent at liberty on parole, unless any of the following apply:

---

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

[4] Section 6138(a)(2) of the Code, 61 Pa. C.S. § 6138(a)(2), provides, in part:

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would

**(Footnote continued on next page…)**

6

(i)  The crime committed during the period of parole . . . is a crime of violence . . . or a crime requiring registration [as a sexual offender].

(ii)  The parolee was recommitted under [S]ection 6143 [of the Code, 61 Pa. C.S. § 6143,] (relating to early parole of inmates subject to Federal removal order).

(Emphasis added.)

The Pennsylvania Supreme Court has held that, pursuant to Section 6138(a)(2.1) of the Code, "the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 475 (Pa. 2017). The Supreme Court specified, however, that a "single[-]sentence explanation" given by the Board explaining its decision "is likely sufficient in most instances" to meet the *Pittman* standard.[5]  *Id.* at 475 n.12.  More precisely, we have recognized that the

---

have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1)*, *shall be given no credit* for the time at liberty on parole.

(Emphasis added.)

[5] In practice, this Court has often found such single-sentence explanations sufficient to meet the *Pittman* standard.  *See, e.g.*, *Tres v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 828 C.D. 2018, filed June 3, 2019), slip op. at 7 (holding Board's stated reason "arrested for a firearms charge" satisfied *Pittman* standard); *Bleach v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 794 C.D. 2017, filed May 31, 2019), slip op. at 8 (holding Board's stated reason "[r]evoke street time due to second conviction (drugs) while on parole" satisfied *Pittman* standard); *Lawrence v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1132 C.D. 2018, filed Apr. 12, 2019), slip op. at 9 (holding Board's stated reason "new conviction same/similar to the original offense" satisfied *Pittman* standard); *Smoak v. Talaber*, 193 A.3d 1160, 1165 (Pa. Cmwlth. 2018) (holding Board's stated reason of "unresolved drug and alcohol issues" satisfied *Pittman* standard). Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision issued by this Court after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent."

Board's statement that a CPV has a "prior history of supervision failures" is sufficient to meet the *Pittman* standard as long as that statement is supported in the record. *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1211 (Pa. Cmwlth. 2019), *appeal denied*, 222 A.3d 1130 (Pa. 2020); *Baxter v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1059 C.D. 2017, filed Apr. 16, 2018), slip op. at 7.

Here, to satisfy the *Pittman* standard for explaining its decision to deny King credit for time at liberty on parole, the Board stated that King "absconded while on supervision" and noted his "prior history of supervision failures." (C.R. at 189.) As in *Plummer*, the record in this matter—which shows that King repeatedly failed to report to parole supervisors as required and admitted that he violated the terms of his parole—supports the Board's explanations. (*Id.* at 13, 65.) Contrary to King's assertion, the Board need not specifically identify the particular dates on which the supervision failures occurred in order to satisfy the *Pittman* standard. *See Vann v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1067 C.D. 2017, filed Apr. 10, 2018), slip op. at 18 (rejecting argument that Board's simple assertion of "prior history of supervision failures" was insufficient to give notice of "what specific acts are being alluded to by the Board," because those acts were "documented in the record"). The Board, therefore, provided King with a sufficient contemporaneous statement supporting its decision to deny him credit for time at liberty on parole, and, therefore, did not abuse its discretion.

Accordingly, we affirm the final determination of the Board.


_____
P. KEVIN BROBSON, Judge

8

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Edward James King,                          :
               Petitioner     :
                                :
         v.                   :   No. 875 C.D. 2019
                                :
Pennsylvania Board of          :
Probation and Parole,         :
               Respondent   :

## **O R D E R**

AND NOW, this 10th day of November, 2020, the final determination of the Pennsylvania Board of Probation and Parole, dated May 14, 2019, is AFFIRMED.

 

                                             _____

                                             P. KEVIN BROBSON, Judge