IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Baldwin, : 
                          Petitioner : 
                                 : 
        v. : No. 891 C.D. 2022
                                 : Submitted: March 10, 2023
Pennsylvania Parole Board, : 
                      Respondent : 


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED: August 1, 2023


      John Baldwin (Baldwin) petitions for review of the July 5, 2022 order of the Pennsylvania Parole Board (Board)[1] affirming its August 30, 2019 decision denying Baldwin credit for time spent at liberty on parole. After review, we conclude the Board did not abuse its discretion, and we affirm.

---

[1] After the Board issued its August 30, 2019 decision, but before Baldwin filed the instant petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a). We use "the Board" to refer to both the Board of Probation and Parole and to the Parole Board.

## I. Factual and Procedural History

In 1990, Baldwin pled guilty to third-degree murder in Philadelphia County. Certified Record (C.R.) at 1. The Philadelphia County Court of Common Pleas (trial court) sentenced Baldwin to a term of 5 to 20 years of incarceration for this conviction. *Id*.

The Board released Baldwin on parole in June 1995. *Id*. at 5. In 1997, the trial court sentenced Baldwin to a term of 5 to 10 years of incarceration following his conviction for manufacturing, delivering, and possessing a controlled substance. *Id*. at 20. Due to this conviction, the Board recommitted Baldwin to a state correctional institution as a convicted parole violator (CPV). *Id*. at 13. In 2000, the Board paroled Baldwin from the 1990 murder conviction sentence, but he remained incarcerated serving the 1997 drug conviction sentence. The Board paroled Baldwin from the 1997 drug conviction sentence on October 22, 2003. *Id*. at 62.

In 2010, the Philadelphia Police Department arrested Baldwin for suspicion of possessing marijuana, but later dismissed the charge. *Id*. at 33; Baldwin's Brief at 5. At that time, Baldwin's parole officer determined Baldwin should be allowed to remain on parole because he was "amenable to supervision" and had a stable residence, employment, and was involved in counseling. *Baldwin v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 907 C.D. 2018, filed Apr. 2, 2019), slip op. at 1.

In May 2013, the United States District Court for the Eastern District of Pennsylvania found Baldwin guilty of three federal drug offenses (two counts of possession with intent to distribute Oxycodone and conspiracy to distribute a controlled substance) and sentenced him to 66 months of incarceration to be followed by 5 years of federal probation. C.R. at 37.

On June 13, 2017, the United States Department of Justice, Federal Bureau of Prisons, transferred Baldwin from federal prison to a state correctional institution. *Id*. at 112. Following an August 23, 2017 revocation hearing, on November 17, 2017, the Board recommitted Baldwin to a state correctional institution as a CPV to serve 24 months of backtime[2] without any credit for time spent at liberty on parole. *Id*. at 94. The Board recalculated Baldwin's maximum parole date to June 19, 2030. *Id*. With its recalculation, the Board denied Baldwin any credit for the time spent at liberty on parole from 2003 to 2012. The Board supported its decision to deny Baldwin credit citing a "poor supervision history." *Id*.

On December 29, 2017, Baldwin, acting pro se, appealed the Board's November 17, 2017 decision. *Id*. at 123. On February 12, 2018, Baldwin, again acting pro se, filed an administrative remedies form amending his December 2017 filing.[3] *Id*. at 127. On June 5, 2018, the Board responded to Baldwin's two administrative remedies forms in a letter, and it denied him relief. *Id*. at 132. On October 25, 2018, the Board sent another letter to Baldwin, acknowledging he might not have received the first response, and indicated the stamped date of October 25, 2018, was the effective date he could use for appeal purposes. *Id*. at 134.

Baldwin filed a petition for review of the Board's denial of credit for time spent at liberty on parole in this Court. On April 2, 2019, this Court issued a decision

---

[2] Backtime is "that part of an *existing* judicially-imposed sentence which the Board directs a parolee to complete following a finding after a *civil* administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole." *Krantz v. Pa. Bd. of Prob. & Parole,* 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984).

[3] While Baldwin dated the forms December 29, 2017, and February 12, 2018, the Board acknowledged their receipt earlier than those dates, December 18, 2017, and January 8, 2018, respectively. C.R. at 123, 127.

concluding the Board's reasons for denying Baldwin's credit were inconsistent with his spotless record of compliance with parole supervision. *Baldwin v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 907 CD 2018, filed Apr. 2, 2019).[4] This Court remanded the matter to the Board with the following directive:

> AND NOW, this 2nd day of April, 2019, the portion of the order of the . . . [Board] revoking parole is AFFIRMED. The portion of the Board's order denying credit for time spent at liberty on parole is VACATED. This matter is REMANDED to the Board to issue a new decision in order to explain its exercise of discretion in its credit determination as to the time . . . Baldwin spent at liberty on parole from October 2003 to August 2012, as well as to correct any error in exercising that discretion the Board may discern based on the facts and Baldwin's individual circumstances.

*Id*., slip op. at 3.

In response to this Court's order, on August 30, 2019, the Board issued a decision and provided the reason it denied Baldwin credit for time spent at liberty on parole was because the "new conviction was the same/similar to the original offense . . . ." Board Dec., 8/30/19 (capitalization omitted).

On January 10, 2022, counsel for Baldwin filed an administrative appeal challenging the Board's August 30, 2019 decision. C.R. at 135-53. The Board responded to Baldwin's appeal on July 5, 2022. *Id*. at 144. While the Board noted the "clear delay in the receipt of the correspondence," it nevertheless addressed the merits. *Id*. The Board explained it issued its August 30, 2019 decision in compliance with this Court's remand order, which directed the Board to articulate why it denied

---

[4] On April 15, 2019, the Board issued a decision granting Baldwin parole on his federal detainer sentence. His release date was June 7, 2019, and his maximum sentence date was June 13, 2030. C.R. at 104, 105.

Baldwin credit for the time he spent at liberty on parole. *Id.* The Board reiterated its August 30, 2019 decision, explaining it denied Baldwin credit because "the new federal conviction for selling drugs was similar to his original sentence from which he was paroled." *Id.* The Board found the reason it provided to Baldwin for denying him credit was sufficient, and it affirmed its August 30, 2019 decision. *Id.* at 144-45. Baldwin appeals from the Board's July 5, 2022 decision.

## II. Discussion

When presented with a question of law, our standard of review is *de novo*, and our scope of review is plenary. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017). Where the law grants the Board discretion, as is the case here, we review for an abuse of discretion. *Id.* at 474.

Section 6138(a)(1) of the Prisons and Parole Code (Parole Code) provides that a parolee under the Board's jurisdiction who, during the period of parole, "commits a crime punishable by imprisonment, for which the offender is convicted or found guilty by a judge or jury or to which the offender pleads guilty or nolo contendere," may at the discretion of the Board be recommitted as a parole violator. 61 Pa.C.S. § 6138(a)(1).

As it did with Baldwin, if the Board determines to recommit a parolee as a CPV, "the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole." 61 Pa.C.S. § 6138(a)(2). Paragraph 2.1 of Section 6138(a) provides the Board "may, in its discretion, award credit to an offender recommitted

5

under paragraph (2) for the time spent at liberty on parole . . . ." 61 Pa.C.S. § 6138(a)(2.1).[5]

Our Supreme Court has held that when the Board exercises its discretion under Section 6138(a)(2.1) of the Parole Code, "the Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Pittman*, 159 A.3d at 474. *Pittman* requires the Board to articulate a reason for exercising its discretion to deny credit for time spent at liberty on parole because "an appellate court hearing the matter must have method to assess the Board's exercise of discretion." *Id.*

Accordingly, our task here is to evaluate whether the Board abused its discretion in denying Baldwin credit for the time he spent at liberty on parole. An abuse of discretion is "not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will . . . ." *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006).

Although our Supreme Court in *Pittman* did not provide criteria for what constituted a sufficient basis for denying credit under Section 6138(a)(2.1) of the Parole Code, this Court has explained that, generally, the Board's reasons must be "accurate and related to the parolee's offenses," *Marshall v. Pennsylvania Board of Probation and Parole*, 200 A.3d 643, 650 (Pa. Cmwlth. 2018), and "documented by the record," *Plummer v. Pennsylvania Board of Probation and Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019).

Here there is no dispute Baldwin's 1997 conviction and his 2013 conviction were both for drug-related offenses. In denying credit, the Board clearly considered

_____

[5] Paragraph 2.1 provides three limitations to the Board's discretion, but none apply in this case.

6

the individual circumstances surrounding Baldwin's original convictions and most recent conviction and determined Baldwin's new conviction was the "same/similar to [his] original offense." C.R. at 117.

This Court has previously concluded the reason, "new conviction same/similar to the original offense," by itself, is a sufficient contemporaneous statement supporting the Board's decision to deny credit to satisfy the Pittman standard. *See, e.g.*, *Lawrence v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1132 C.D. 2018, filed Apr. 12, 2019); *Williams v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1243 C.D. 2018, filed Aug. 21, 2019).[6]

## III. Conclusion

The Board appropriately applied Section 6138(a)(2.1) of the Parole Code and complied with *Pittman's* requirement by providing rationale for its decision, which rationale was accurate, related to the offense, not unreasonable, and supported by the record. Accordingly, we conclude the Board did not abuse its discretion.

_____
STACY WALLACE, Judge

President Judge Cohn Jubelirer did not participate in the decision of this case.

---

[6] Section 414(a) of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not binding precedent. 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Baldwin,                 :
             Petitioner    :
                           :
       v.                 : No.  891 C.D. 2022
                           :
Pennsylvania Parole Board,    :
           Respondent   :

## **O R D E R**

**AND NOW**, this 1st day of August 2023, the July 5, 2022 order of the Pennsylvania Parole Board is **AFFIRMED**.

_____
STACY WALLACE, Judge