# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cisco Felipe Ortiz,                :
             Petitioner       :
                                    :
        v.                     : No. 580 C.D. 2022
                                    : Submitted: March 17, 2023
Pennsylvania Parole Board,     :
             Respondent    :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                               FILED: September 6, 2023

Cisco Felipe Ortiz (Petitioner) petitions for review of the May 19, 2022 order of the Pennsylvania Parole Board (Board) affirming its April 22, 2021 decision that recommitted Petitioner as a convicted parole violator (CPV) and denied him credit for time spent at liberty on parole.[1]  Additionally, Petitioner's appointed counsel, Kent D. Watkins, Esq. (Counsel), filed an Application to Withdraw as Counsel (Application to Withdraw).  After review, we conclude the Board did not err or abuse its discretion and we affirm the Board's order.  Further, we grant Counsel's Application to Withdraw.

---

[1] Petitioner also asks this Court to review the Board's decision recorded February 11, 2022; however, that decision was simply a denial of parole following a parole eligibility interview and review.  No appeal lies from a parole denial.  *See infra* p. 7.

## I. Factual and Procedural History

Petitioner is in the custody of the Pennsylvania Department of Corrections (DOC) at the State Correctional Institution (SCI) at Mahanoy. In 2001, the Berks County Court of Common Pleas (Berks County) convicted Petitioner of two counts of aggravated assault and one count of firearms not to be carried without a license. Certified Record (C.R.) at 1. Berks County sentenced Petitioner to a term of 9 to 18 years of incarceration for these convictions. *Id*. On May 19, 2009, the Huntington County Court of Common Pleas (Huntington County) sentenced Petitioner to a concurrent term of one to two years of incarceration for a conviction of possession of a controlled substance.[2] *Id*. Petitioner's controlling sentence maximum date was August 2, 2024. *Id*.

The Board released Petitioner on parole in March 2020. *Id*. at 17. According to the Moves Report, the Board paroled Petitioner to a community corrections center (CCC) on April 15, 2020. *Id*. at 93. On July 18, 2020, the Board issued a warrant to commit and detain Petitioner based on a parole violation. *Id*. at 28. On July 18, 2020, the West Reading Police Department arrested Petitioner, charging him with fleeing or eluding a police officer, possession with intent to use drug paraphernalia, reckless driving, driving under suspension, failure to stop at a red signal, and operating a vehicle without rear lights. *Id*. at 32, 96. The Board detained Petitioner in Berks County Jail pending disposition of the new criminal charges. *Id*. at 32. Petitioner posted bail on August 5, 2020. *Id*. at 96. The Board held a detention hearing on August 6, 2020, and, on August 17, 2020, it issued a decision detaining

---

[2] A DOC Moves Report (Moves Report) outlines the movements of an individual within DOC custody. Petitioner's Moves Report lists Petitioner as "Actively Serving" throughout the entirety of 2008 and 2009, and it shows his moves to Huntington County in February 2009 and April 2009. C.R. at 93-94.

Petitioner at SCI Coal Township pending disposition of the criminal charges. *Id*. at 60.

On December 7, 2020, Berks County accepted Petitioner's guilty plea and sentenced Petitioner to 3 to 24 months of incarceration for a conviction of fleeing or eluding a police officer and a concurrent 3 to 12 months of incarceration for a conviction of possession with intent to use drug paraphernalia. *Id*. at 74. In his guilty plea, Petitioner stipulated he would receive 143 days credit for time served. *Id*. at 76. Despite the 143-day credit Petitioner entered with his guilty plea, Berks County ordered Petitioner receive credit for 144 days of time served on his new convictions. *Id*. at 74-75.

On March 10, 2021, acting pro se, Petitioner sent a hand-written letter to the Board asking about the "status on a parole decision," and "why it's taking [him] so long to get a decision?" *Id*. at 118. On April 22, 2021, the Board issued an Order to Recommit showing Petitioner had backtime from August 5, 2020, to December 7, 2020, or 124 days. *Id*. at 107. On April 22, 2021, because of his new convictions, the Board recommitted Petitioner as a CPV and ordered him to serve nine months of backtime.[3] *Id*. at 109. The Board denied Petitioner credit for time spent at liberty on parole because the offense was "assaultive in nature" and Petitioner "continue[d] to demonstrate unresolved drug and/or alcohol issues." *Id*. at 110 (capitalization omitted).

---

[3] Backtime is "that part of an *existing* judicially-imposed sentence which the Board directs a parolee to complete following a finding after a *civil* administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole." *Krantz v. Pa. Bd. of Prob. & Parole,* 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984).

On May 12, 2021, again pro se, Petitioner filed a Request for Administrative Relief. *Id*. at 120-21. On August 17, 2021, the Board denied Petitioner parole. *Id*. at 114. On February 11, 2022, the Board once more denied Petitioner parole. *Id*. at 116.

On March 9, 2022, the Board received Petitioner's pro se administrative appeal, in which he alleged the Board "abus[ed its] discretion and "fabricated reasons for giving [Petitioner] another year [of] jail." *Id*. at 123-26. On May 13, 2022, Counsel entered his appearance. *Id*. at 142. On May 19, 2022, the Board issued a decision addressing Petitioner's March 10, 2021 letter and his May 12, 2021 and March 9, 2022 administrative appeals. *Id*. at 145-47. The Board concluded there were no grounds for granting Petitioner administrative relief and it affirmed the Board's April 22, 2021 (recommitting Petitioner as a CPV with no credit for time served) and February 11, 2022 (denying Petitioner parole) decisions. *Id*. at 147. On June 13, 2022, Petitioner filed a Petition for Review (Petition for Review) of the Board's May 19, 2022 decision in this Court.

On September 30, 2022, Counsel filed an Application to Withdraw and a *Turner* letter (*Turner* Letter).[4] On October 5, 2022, this Court ordered it would consider the Application to Withdraw along with the merits of the Petition for Review. This Court further advised Petitioner he may obtain substitute counsel or file a brief on his own behalf. Petitioner did not file a brief and no counsel entered an appearance for him.

---

[4] We use the term "*Turner* letter" in reference to our Supreme Court's decision in *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988), in which the Court set forth "the appropriate procedures for withdrawal of court-appointed counsel in collateral attacks on criminal convictions."

4

In his Petition for Review, Petitioner argues (1) the Board failed to award him credit for the time he served on the Board's warrant or while incarcerated, and (2) the Board abused its discretion by failing to award him credit for the time served on parole. Petition for Review, ¶¶ 5, 6. He requests this Court reverse the Board's May 19, 2022 order denying his administrative appeals. *Id*. ¶ 7.

## II. *Turner* Letter and Application to Withdraw

Before we address the merits of the Petition for Review, we must first address Counsel's *Turner* Letter and Application to Withdraw. Where a petitioner seeks review of a Board determination, has no constitutional right to counsel, and counsel determines the case lacks merit, the Court will allow counsel to withdraw if we conclude the issues raised on appeal are meritless. *Zerby v. Shannon*, 964 A.2d 956, 960-61 (Pa. Cmwlth. 2009) (relying on *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988)). To properly withdraw, appointed counsel must submit a *Turner* letter that "detail[s] the nature and extent of his review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless." *Turner*, 544 A.2d at 928. Where counsel satisfies the *Turner* requirements, we conduct an independent review of the issues raised and, if we agree with counsel's assessment, we may grant leave to withdraw. *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996).

Here, Counsel's letter satisfies *Turner's* technical requirements. Counsel's letter contains a recitation of the relevant factual and procedural history and explains that Counsel based his assessment "on an exhaustive examination of the record" and "research of applicable case law." *Turner* Letter at 1, 8. Counsel notes the issues Petitioner raised in his Petition for Review are the "Board failed to award him credit for all the time served exclusively on the [B]oard's warrant or while incarcerated"

5

and the "Board abused its discretion by failing to award him credit for the time spent in good standing while on parole." *Turner* Letter at 1. Counsel states that after a review of the record and applicable law, he has "concluded that [Petitioner's] appeal from the revocation of his parole has no basis in law or in fact and is, therefore, frivolous." *Turner* Letter at 8. Counsel provided Petitioner a copy of the letter informing him of his right to retain new counsel and his right to file a pro se brief with this Court. *Turner* Letter at 8. As noted above, Petitioner did not file a brief and no counsel entered an appearance for him. Because Counsel satisfied *Turner's* technical requirements for withdrawal, we now review the merits of Petitioner's Petition for Review.

## III. Discussion

We review the Board's decision denying administrative relief to determine whether substantial evidence supports the Board's necessary findings of fact, the Board committed an error of law, or the Board violated a parolee's constitutional rights. *McNally v. Pa. Bd. of Prob. & Parole*, 940 A.2d 1289 (Pa. Cmwlth. 2008). When presented with a question of law, our standard of review is de novo, and our scope of review is plenary. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017). Where the law grants the Board discretion, we review for an abuse of discretion. *Id*. at 474.

First, we address Petitioner's argument the Board did not award him credit for the time he served on the Board's warrant or while incarcerated. The Board paroled Petitioner from CCC on April 15, 2020. On July 18, 2020, the West Reading Police Department arrested Petitioner on new criminal charges in Berks County. West Reading Police officers placed Petitioner in Berks County Jail and Petitioner did not post bail at that time. C.R. at 32. Petitioner posted bail on August 5, 2020, and

Berks County sentenced him on December 7, 2020. Although Petitioner posted bail on August 5, 2020, the Board detained him pending the disposition of his new criminal charges.

The Board credited Petitioner with time served from the date he posted bail, August 5, 2020, until Berks County sentenced him on December 7, 2020, for a total of 124 days. *Id*. at 107. The Board's calculation is correct and accurately set forth on the Order to Recommit. *Id*.

Insofar as Petitioner appeals from the Board's decision affirming the February 11, 2022 decision that denied him parole, an inmate does not have the right to appeal the denial of parole. *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766 (Pa. Cmwlth. 1997). An inmate has no constitutionally protected liberty interest in the expectation of release before his maximum sentence date expires. *Id*. at 770 (citation omitted). Consequently, the Board enjoys broad discretion in parole matters, and it alone decides whether an inmate is sufficiently rehabilitated to serve the remainder of his sentence outside the confines of a correctional institution. *Id*. (citation omitted). As a result, the Board's decision to deny Petitioner parole is a matter "wholly within the Board's discretion and is not subject to judicial review." *Id*.

Next, we address Petitioner's challenge to the Board denying him credit for time spent at liberty on parole. The Prisons and Parole Code[5] (Parole Code) provides if a parolee under the Board's jurisdiction who, during the period of parole, "commits a crime punishable by imprisonment, for which the offender is convicted or found guilty by a judge or jury or to which the offender pleads guilty or nolo contendere," the Board may, in its discretion, recommit the offender as a parole violator. 61 Pa.C.S. § 6138(a)(1). If the Board determines to recommit a parolee as

---

[5] 61 Pa.C.S. §§ 101-7301.

a CPV, as it did with Petitioner, "the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole." *Id*. § 6138(a)(2). Paragraph 2.1 of Section 6138(a) sets forth that the Board "may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole . . . ." *Id*. § 6138(a)(2.1).[6]

Our Supreme Court held that when the Board exercises its discretion under Section 6138(a)(2.1) of the Parole Code, "the Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Pittman*, 159 A.3d at 474. *Pittman* requires the Board to articulate a reason for denying credit for time spent at liberty on parole because "an appellate court hearing the matter must have [a] method to assess the Board's exercise of discretion." *Id*.

Accordingly, our task is to evaluate whether the Board abused its discretion by denying Petitioner credit for the time he spent at liberty on parole. An abuse of discretion occurs when "the judgment exercised is manifestly unreasonable[] or the result of partiality, prejudice, bias or ill will" *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006).

Although our Supreme Court in *Pittman* did not provide criteria for what constituted a sufficient basis for denying credit under Section 6138(a)(2.1) of the Parole Code, this Court has explained that, generally, the Board's reasons must be "accurate and related to the parolee's offenses." *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 650 (Pa. Cmwlth. 2018). Further, the Board's reasons must

---

[6] Paragraph 2.1 supplies three limitations to the Board's discretion, none of which apply here.

be "documented by the record." *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019).

The Board considered one of Petitioner's new offenses "assaultive in nature." C.R. at 110. The Board saw the offense as assaultive because Petitioner received "a visual signal to bring the vehicle to a stop," but he nevertheless "backed up towards the police officer multiple times and the officer was forced to draw his weapon." *Id.* at 145-46. The Board also noted Petitioner continued to "demonstrate unresolved drug and/or alcohol issues." *Id.* at 110. The new offenses, like the ones for which Petitioner was serving a sentence, sounded in violence and drug use. Here the Board followed *Pittman* by supplying a rationale for its decision to deny Petitioner credit for time spent at liberty on parole, which rationale was accurate, related to the offense, not unreasonable, and supported by the record.

## IV. Conclusion

Based on the foregoing, we conclude Counsel fulfilled the requirements of *Turner* and our independent review confirms Petitioner's arguments are meritless. The Board appropriately applied the Parole Code and followed *Pittman* by supplying the requisite rationale for its decision to deny Petitioner credit for time spent at liberty on parole. Accordingly, we conclude the Board did not commit an error of law or abuse its discretion, and we grant Counsel's Application to Withdraw and affirm the Board's order.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cisco Felipe Ortiz,                 :
              Petitioner     :
                             :
        v.               : No.  580 C.D. 2022
                             :
Pennsylvania Parole Board,    :
            Respondent   :

**PER CURIAM**                  **O R D E R**

      **AND NOW**, this 6th day of September 2023, the September 30, 2022 Application to Withdraw as Counsel filed by Kent D. Watkins, Esq. is **GRANTED** and the May 19, 2022 order of the Pennsylvania Parole Board is **AFFIRMED**.