IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David F. Constantini,                   :
                    Petitioner          :
                                        :
          v.                            :         No. 469 C.D. 2024
                                        :         Submitted: July 7, 2025
Pennsylvania Parole Board,              :
                    Respondent          :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                 FILED:  August 14, 2025

          David F. Constantini (Constantini) petitions for review of an
adjudication of the Pennsylvania Parole Board (Parole Board) recommitting him as
a convicted parole violator and recalculating his maximum sentence date.  On
appeal, Constantini contends that the Parole Board did not properly award him credit
for time he spent at liberty on parole and for the time he was incarcerated solely on
the Parole Board's warrant.  Thus, the Parole Board erred in its calculation of his
new maximum sentence date.  Constantini's counsel, Wayne Melnick, Esquire
(Counsel), has filed a motion to withdraw from representation with a letter
explaining why Constantini's appeal lacks merit.  We grant Counsel's motion and
affirm the Parole Board's adjudication.

          In 2018, Constantini was sentenced to two to four years' incarceration
for violating his probation sentence on a retail theft conviction, with a maximum
sentence date of August 2, 2022.  On August 3, 2020, Constantini was paroled.

          On July 6, 2021, the Media Police Department arrested Constantini for
use/possession of drug paraphernalia; possession of a controlled substance by a

person not registered; and driving while operating privileges were suspended or revoked. He was processed and released that same day. Constantini was instructed to report to the Parole Board's Chester District Office. When he removed his ankle monitor and did not report to the District Office, the Parole Board declared Constantini delinquent as of July 6, 2021.

On February 9, 2022, Constantini was arrested by the Trainer Borough Police Department for possession of a controlled substance by a person not registered; use/possession of drug paraphernalia; and driving while operating privileges suspended or revoked.

On May 23, 2023, Constantini was arrested on the Parole Board's warrant of July 6, 2021. On May 30, 2023, the Parole Board charged Constantini with both technical and criminal violations of the conditions of his 2020 parole. On June 22, 2023, the Parole Board issued a decision to detain Constantini pending disposition of his criminal charges, and to recommit him as a technical parole violator.

On May 25, 2023, Constantini was convicted for use/possession of drug paraphernalia stemming from his arrest by the Media Police Department. He was sentenced to time served to 12 months' incarceration (First County Sentence). As a result of the conviction, the Parole Board issued a Notice of Charges and Hearing to Constantini. He waived his right to counsel and a hearing, and he admitted the conviction. By decision recorded on September 25, 2023, the Parole Board recommitted Constantini as a convicted parole violator to serve six months' backtime.

Thereafter, on October 10, 2023, Constantini was convicted of possession of a controlled substance as charged by the Trainer Borough Police

Department. He was sentenced to time served to 12 months' incarceration (Second County Sentence). As a result of this conviction, the Parole Board charged Constantini with a second violation of his 2020 parole. He waived his right to a hearing and admitted the conviction. By decision recorded on December 5, 2023, the Parole Board recommitted Constantini as a convicted parole violator to serve 12 months' backtime. It recalculated his maximum sentence date as October 22, 2025.

Constantini filed a petition for administrative review with the Parole Board challenging the calculation of his maximum sentence date.[1] Therein, he explained that the Parole Board should have used June 12, 2023, the date he was transported to the State Correctional Institution at Smithfield, as the date he was returned to the Parole Board's custody. Instead, the Parole Board used September 21, 2023. The Parole Board denied his request for administrative relief.

Regarding the calculation of Constantini's maximum sentence date, the Parole Board explained that when Constantini was paroled on August 3, 2020, he had 729 days remaining on his original state sentence. Constantini did not receive any credit for time spent at liberty on parole. Thus, there were still 729 days remaining on his sentence.

Regarding his credit for time incarcerated, the Parole Board explained that it lodged a detainer against Constantini on May 23, 2023. He remained incarcerated solely on that warrant until May 25, 2023, the date on which he was convicted of his First County Sentence. He was paroled from that sentence on September 21, 2023. The Parole Board gave Constantini credit for the time from

---

[1] Constantini filed his initial administrative appeal on July 3, 2023. Constantini submitted additional administrative remedies forms and correspondence to the Parole Board on November 15, 2023; November 20, 2023; December 11, 2023; December 14, 2023; December 28, 2023; and January 11, 2024.

May 23, 2023, to May 25, 2023, or 2 days, because he was incarcerated solely on its warrant during this time.

Constantini was convicted on the criminal charges filed by the Trainer Borough Police Department on October 10, 2023, and paroled from this sentence on November 14, 2023. The Parole Board gave Constantini credit for the 19 days he was incarcerated between September 21, 2023, the date he was paroled from the First County Sentence, to October 10, 2023, the date he was convicted on his Second County Sentence.

Subtracting the 21 days of credit from the 729 days remaining on his original sentence left Constantini with 708 days left to serve. Under the Prisons and Parole Code (Parole Code), a parolee from a state sentence who then receives a county sentence must serve the county sentence first. 61 Pa. C.S. §6138(a)(5)(iii). Thus, November 14, 2023, was the date on which Constantini was eligible to begin serving his state sentence. Adding the 708 days to November 14, 2023, the date he was available to begin serving his underlying state sentence, yielded a new maximum sentence date of October 22, 2025.

Finally, the Parole Board explained that it has discretion whether to grant or deny a parolee credit for time spent at liberty on parole. It decided to deny Constantini such credit because he absconded while on parole, he had a history of parole supervision failures, and he continued to demonstrate unresolved drug/alcohol issues.

*Pro se*, Constantini filed a petition for review with this Court to appeal the Parole Board's adjudication. This Court appointed counsel to represent Constantini, who filed an amended petition for review. Thereafter, Counsel filed his motion to withdraw.

4

On appeal,[2] Constantini raises three issues. First, he argues that the Parole Board abused its discretion by not granting him credit for the time spent at liberty on parole. Second, he argues that the Parole Board did not give him credit for all the time that he was incarcerated solely on its warrant. Third, he argues that the Parole Board improperly calculated his maximum sentence date.

In *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), our Supreme Court set forth the technical requirements appointed counsel must meet to withdraw from representation. Pursuant to *Turner*, once appointed counsel has reviewed the case and determined that the petitioner's claims are meritless, he or she must

> then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). If the requirements of *Turner* are met, this Court then considers the merits of the petitioner's claims. *Id*.

Here, Counsel has filed a no-merit letter that details his review of Constantini's criminal record and parole history and explains the basis for his legal conclusion that Constantini's appeal lacks merit. The record establishes Counsel sent a copy of the no-merit letter to Constantini; a copy of his motion to withdraw;

---

[2] Our review of the Parole Board's adjudication determines whether constitutional rights were violated, whether the decision was in accordance with the law, or whether the necessary findings of fact were supported by substantial evidence. *Kerak v. Pennsylvania Board of Probation and Parole*, 153 A.3d 1134, 1137 n.9 (Pa. Cmwlth. 2016).

and advised Constantini of his right to proceed *pro se*.[3]   Because Counsel has complied with the requirements of *Turner*, we turn to the merits of Constantini's petition.

In his first issue, Constantini challenges the Parole Board's authority to deny him credit for time spent at liberty on parole.  Section 6138(a) of the Parole Code governs the award of credit for street time and states, in relevant part, as follows:

> (2) If the offender's parole is revoked, the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.
>
> (2.1) *The board may, in its discretion*, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> > (i)  The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g)(relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
> >
> > (ii)  The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a)(2), (a)(2.1) (emphasis added).  While on parole, Constantini did not commit a disqualifying crime under Section 6138(a)(2.1)(i).  Nor was he subject to a federal removal order for purposes of Section 6138(a)(2.1)(ii).  Thus,

---

[3] On October 21, 2024, this Court entered an order advising Constantini of his right to obtain substitute counsel at his own expense or file a *pro se* brief to this Court and directed Counsel to serve the order on Constantini on or before November 4, 2024.  Counsel complied with this order on November 1, 2024.

6

the award of credit for street time was a matter committed to the Parole Board's discretion, which decided not to grant Constantini credit for his street time.

Where, as here, the Parole Board exercises its discretion not to give credit, it must "provide a contemporaneous statement explaining its reason" for the denial. *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 475 (Pa. 2017). "[T]he reason the [Parole] Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id*. at 475, n.12.

Here, the Parole Board gave Constantini three reasons for denying credit:

> --The offender absconded while on parole supervision[.]
>
> --The offender has a history of supervision failure(s) in probation and/or parole[.]
>
> --The offender continues to demonstrate unresolve[d] drug and/or alcohol issues[.]

Certified Record at 171 (C.R. __). The Parole Board explained its decision to refuse Constantini credit for time spent at liberty on parole, thereby satisfying *Pittman*. *See generally Smoak v. Talaber*, 193 A.3d 1160, 1165 (Pa. Cmwlth. 2018) ("unresolved drug and alcohol issues" sufficient reason to deny street time credit); *King v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 875 C.D. 2019, filed November 10, 2020) (unreported),[4] slip op. at 4 ("absconded while on supervision" and "prior history of supervision failures" sufficient reasons to deny street time credit). Constantini waived his revocation hearing at which he could have offered evidence that might have persuaded the Parole Board to award credit for some of his

---

[4] Pursuant to Section 414(a) of the Internal Operating Procedures of the Commonwealth Court of Pennsylvania, 210 Pa. Code §69.414(a), unreported Commonwealth Court opinions issued after January 15, 2008, may be cited for their persuasive value.

time on parole before his arrest. In the absence of any mitigating evidence, the Parole Board's decision to deny credit for the stated reasons that Constantini absconded while on parole supervision, had a history of failures while under parole supervision, and continued to demonstrate drug/alcohol issues, did not constitute an abuse of discretion.

In his second issue, Constantini argues that the Parole Board failed to award him credit for all the time detained solely on the Board's warrant. Constantini contends that he should have received credit for his incarceration from May 22, 2023, to June 12, 2023, minus one day, because he did not receive "any additional incarceration time" for his First County Sentence. C.R. 186.

Constantini construes his First County Sentence of time served to 12 months" to mean that he satisfied his First County Sentence with the time spent in custody on the new criminal charges. However, "time served" was the minimum sentence; the maximum sentence was 12 months. Constantini had to complete 12 months' incarceration, or be paroled, in order to be released from custody. He was paroled from his First County Sentence on September 21, 2023. Therefore, from May 25, 2023, to June 12, 2023, Constantini was serving his First County Sentence. He is not entitled to credit on his original sentence for this time. *See Barndt v. Pennsylvania Department of Corrections*, 902 A.2d 589, 595 (Pa. Cmwlth. 2006) (precluding the award of credit for time served to be awarded twice). Accordingly, the Parole Board did not err in not giving Constantini credit on his original sentence for his incarceration from May 25, 2023, to June 12, 2023.

In his third issue, Constantini argues that the Parole Board improperly calculated his maximum sentence date because it arbitrarily set a custody return date of November 14, 2023. Following sentencing on his First County Sentence,

8

Constantini was returned to a state correctional institution. However, he had been ordered to serve his First County Sentence in Delaware County Prison. Constantini argues that his return to a state correctional institution meant he was serving his original sentence and that this time should be reflected in the calculation of his new maximum sentence date on his original sentence.

With regard to incarceration on different sentences, Section 6138(a)(5) of the Parole Code states as follows:

> If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> > (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
> >
> > (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
> >
> > (iii) *In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.*

61 Pa. C.S. §6138(a)(5) (emphasis added). Thus, Constantini was required to serve both his county sentences, in their entirety, before he could begin serving the remainder of his original state sentence.

Constantini was paroled from his First County Sentence on September 21, 2023. He was paroled from his Second County Sentence on November 14, 2023, which is the date Constantini was first available to serve his original sentence. Inexplicably, Constantini was returned to a state correctional institution rather than to Delaware County Prison. However, where he served his sentence is irrelevant. Constantini had to serve both county sentences before he became available to serve

9

his state original sentence. That did not occur until November 14, 2023, the date used by the Parole Board.

When Constantini was paroled on August 3, 2020, he had 729 days remaining on his original sentence. Because the Parole Board did not give Constantini credit for time spent at liberty on parole, there were still 729 days remaining on his sentence. Constantini appropriately received credit for the 2 days he was incarcerated solely on the Parole Board's warrant from May 23, 2023, until May 25, 2023, and for the 19 days between September 21, 2023, when he was paroled from his First County Sentence, to October 10, 2023, the date of his Second County Sentence. Thus, Constantini had 708 days remaining on his original sentence. Adding 708 days to November 14, 2023, the date on which Constantini was returned to custody on his original sentence, produced a new maximum sentence date of October 22, 2025. We reject Constantini's challenge to the Parole Board's recalculation of his maximum sentence date.

For these reasons, we conclude that Counsel has fulfilled the requirements of *Turner*, and our independent review of the record confirms Constantini's appeal lacks merit. We grant Counsel's motion to withdraw and affirm the Parole Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge Emerita

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David F. Constantini, : 
            Petitioner : 
            : 
        v. :    No. 469 C.D. 2024
            : 
Pennsylvania Parole Board, : 
            Respondent : 

## **O R D E R**

AND NOW, this 14th day of August, 2025, Wayne Melnick Esquire's Motion to Withdraw is GRANTED, and the adjudication of the Pennsylvania Parole Board, dated March 20, 2024, is AFFIRMED.

_____

MARY HANNAH LEAVITT, President Judge Emerita